J. C. McMullen v. S. E. Schermerhorn.

Principal and Agent — Accounting — Reference — Sufficiency of Findings. In a case for an accounting between a principal and an agent, that is referred to a referee to hear and determine all the issues in the case, both of law and fact, it is the duty of the referee to state the facts found and the conclusions of law separately; and a general finding of a referee that there is a balance due on an account, without special findings as to the facts concerning at least the principal items about which there has been much controversy, is so indefinite and insufficient that it ought not to be confirmed, as the complaining party cannot assign errors as to the want of evidence, or the insufficiency of evidence to sustain the finding.

*Error from Cowley District Court.*

Action by *Schermerhorn* against *McMullen* for an accounting between them as principal and agent. Judgment for

plaintiff. New trial denied. Defendant brings the case to this court. The facts are stated in the opinion.

*McDermott & Johnson,* for plaintiff in error.

*Sam. D. Pryor,* for defendant in error.

Opinion by SIMPSON, C.: This action was brought by defendant in error in the district court of Cowley county, to recover of the plaintiff in error the sum of $3,000. The cause of action, as alleged in the petition, was that plaintiff furnished defendant certain moneys to invest for her, and that the defendant, in the course of business which continued several years, made some bad investments, whereby the plaintiff claims to have suffered loss. She also claims that defendant made certain erroneous charges against her, specifying each item of said charges. The defendant in his answer denies all of the allegations of the petition, sets up certain demands or claims against the plaintiff, and demands judgment against her for $3,100. To this answer the plaintiff filed a general denial in reply. The issues thus made were, by the court, referred to a referee on the 17th day of April, 1888, and the referee ordered to report at the September, 1888, term of the court. At the September, 1888, term, on the 12th day of November, 1888, the referee was given until the first day of the next term to make his report. The next term of the court began on the 18th day of December, 1888, and on the 25th day of February, 1889, an adjourned day of the said December term, the said referee, without the appearance of either party or their attorneys, was given until the first day of the next regular term of the court to make his report. On the first day of the next April term of court, to wit, April 2, 1889, the referee was given until the 1st day of May, 1889, to make his report. On the 4th day of May, 1889, after the expiration of the last extension of time, the referee again appeared, in the absence of the parties and their attorneys, and obtained further extension of time until the 1st day of July, 1889, and on that day the referee filed his report, together with the

exceptions of the defendant. On the 8th day of July, 1889, the court overruled the motion of the plaintiff to confirm the report of the referee, and on its own motion, without application by anybody, and over the objection of the plaintiff, sent the report back to the referee with directions and instructions that he should make findings in the case in accordance with the trial already had, and should give notice, etc., "and to make due return of his doings under this order." On the 2d day of October, 1889, the referee filed his report, together with the exceptions of the defendant, which findings were as follows:

"1. On the 20th day of October, 1887, the same being the date of the commencement of this action, upon a fair settlement and accounting between said parties of the matters and things stated and set forth in the pleading in said cause, there was justly due and owing from the said defendant, J. C. Mc-Mullen, to the said plaintiff, S. E. Schermerhorn, the sum of $268.13, and by the contract between said parties said plaintiff is entitled to have interest upon said sum at the rate of 12 per cent. per annum from said October 20, 1887, until paid.

"2. Said plaintiff is entitled to have judgment against said defendant in this action for said sum of $268.13, with interest thereon at the rate of 12 per cent. per annum from October 20, 1887, until the date of the rendition of such judgment, and to have such judgment bear interest at the rate of 10 per cent. per annum, and plaintiff is also entitled to judgment against said defendant for her costs."

On the 3d of October, 1889, the plaintiff filed her motion to confirm the report, and the defendant filed his motion to set aside the report and for a new trial. Both motions were heard on the 29th day of October, 1889, and the motion to set aside the report and for a new trial was overruled, and the report was confirmed and judgment rendered against the defendant, in accordance with the report, to all of which the defendant duly excepted. The trial before the referee was had on the 13th day of September, 1888, and the findings of fact and conclusions of law were announced September 2, 1889.

It is not necessary to comment on the other questions discussed by counsel, as we are of the opinion that it was the

duty of the referee to find specifically the facts in reference to the disputed items of account between the parties. For instance, we think that there should have been a specific finding as to the Winfield bank stock, as to the Rose collection of $75, as to the Sthule note and mortgage, as to the loans to Wright and McKibben, and as to other important accounts, about which there was conflicting evidence. We think specific findings of all important facts in issue are required by the code, and by the cases of *Oaks v. Jones*, 11 Kas. 443; *Dodd v. Hill*, 21 id. 707, and some other authorities. The attention of both the referee and the trial court was called to this requirement, and each refused to observe it. The special finding of the referee in this case is so indefinite and so general in terms that the specific controlling facts cannot be reviewed. We suppose that either party has the absolute legal right to have such a presentation of the controverted questions, where there are several of them, that errors can be assigned with reference to each one of them. The finding in this particular case is so general that it is impossible for the plaintiff in error to complain that the Winfield bank transaction, for instance, was not sustained by sufficient testimony, or by any legal evidence. For this reason, we are of the opinion that the judgment must be reversed and a new trial granted. There may be a new trial *de novo*, or some other order may be made by the district court of Cowley county whereby the rights of all parties may be protected without the expense and trouble of a trial *de novo*. This ruling dispenses with the consideration of the question of the power of the referee, by reason of the various extensions of time within which to make his report.

We recommend that the judgment be reversed, and the cause remanded for further proceedings.

By the Court: It is so ordered. ·

All the Justices concurring.