## O. E. WALKER v. C. M. HOSACK.
### No. 8143.

REFEREE—*Duty*—*Findings*.   Where a case is sent to a referee to find the facts and the law, and there are several important matters in controversy between the parties, it is the duty of the referee to find specifically as to each of them, so that, if it is desired, exceptions may be properly taken, and a review had thereon by the court.

*Error from Wabaunsee District Court.*

ACTION by C. M. Hosack against O. E. Walker. Judgment for plaintiff, and defendant brings the case

here.   The facts are stated in the opinion, filed February 8, 1896.

*Vance & Campbell*, for plaintiff in error.
*Waters & Waters*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.:   C. M. Hosack brought an action against O. E. Walker to recover $2,033.79 upon an account for articles and money furnished and services performed.   In Walker's answer he asked for judgment against Hosack in the sum of $2,083.80 upon an alleged indebtedness embracing numerous accounts, running for a period of about four years.   With the consent of the parties the case was referred to a referee, with directions to make findings of fact and of law upon the issues joined.   A trial was had before the referee, after which he made a report, finding that Walker was indebted to Hosack upon the charges against him in the sum of $1,977.93, and, further, that Hosack was indebted to Walker upon the charges made against him in the sum of $607.51; and he further found that Hosack was entitled to recover the difference between these two sums, to wit, $1,370.42.   A motion was made by Walker to refer the report back to the referee for specific findings of fact on the several items or charges in issue between the parties, which was denied.   The motion should have been sustained.   The findings were too indefinite and general to admit of an intelligent review of the same in either the district or supreme court.   Although there were quite a number of important matters in controversy, the referee failed to indicate how he determined any of them, and, instead, made a lump finding of the balance due upon all the charges made by each.   It was impossible,

therefore, to take exceptions on the ground that there was a want of testimony to sustain the findings of the referee, or to have a review of the controlling facts in the case.    In such a case it has been held "that either party has the absolute legal right to have such a presentation of the controverted questions, where there are several of them, that errors can be assigned with reference to each one of them." (*McMullen v. Schermerhorn*, 48 Kan. 739.)

The ruling of the cited case controls the disposition of the present case.    The judgment will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.