## S. E. MYERS v. GEORGE KNABE et al.
### No. 478.

1. FORECLOSURE—*Insanity and Duress—Trial by Jury*. In an action to recover the money due upon a note and to foreclose a mortgage to secure the same, where the validity of the note and mortgage is attacked because of the alleged insanity of one of the makers thereof, and because of the duress of the other maker, either party is entitled to a jury trial as a matter of right.

2. NEW TRIAL—*Mandatory Duty of Judge*. If the trial judge does not approve of the verdict of the jury he must set it aside and grant a new trial. This requirement is so well established by the decisions of our supreme court that it leaves no discretion with the trial judge but is a mandatory duty imposed upon him.

MEMORANDUM. — Error from Greenwood district court; C. W. SHINN, judge. Action by S. E. Myers against George Knabe and others to foreclose a mortgage. Judgment for defendants. Plaintiff brings the case to this court. Reversed. The opinion herein was filed October 7, 1896.

The statement of the case, as made by DENNISON, J., is as follows :

This action was brought in the district court of Elk county to foreclose a real-estate mortgage of $1,540, executed by George Knabe and wife to S. E. Myers, as part of the purchase price of the land mortgaged. The defense was that at the time of the execution of the note and mortgage said George Knabe was insane, and that at such time said Myers knew that said Knabe was insane, and falsely and fraudulently represented to said Knabe that the land was well worth the sum of $2,500, when as a matter of fact it was not worth the sum of $1,200, all of which the said Myers well knew. The defense of the defendant Susan Knabe was that she was the wife of said George Knabe, who was at the time of the execution of the note and mortgage insane, and that she was compelled to execute the said note and mortgage by reason of the threats of said George Knabe that if she refused to do so he would take her life. Upon the first trial of this action the jury found a verdict for the defendant. The case was taken to the supreme court and the judgment reversed. (*Myers v. Knabe*, 51 Kan. 720.) The case was remanded to the district court of Elk county. In the meantime A. M. Jackson, the attorney for the defendant, having been elected judge of the district court, a change of venue was granted to Greenwood county,

where a trial was had which resulted in a verdict for the defendants, which said verdict, on motion of plaintiff, was set aside and a new trial granted, which resulted in another verdict for the defendants. Plaintiff filed a motion for judgment in his favor, notwithstanding the general verdict and special findings, and also a motion for a new trial, which said motions were by the court overruled. Plaintiff brings the case to this court for review.

*L. Scott,* and *Clogston & Fuller,* for plaintiff in error.
*R. H. Nichols,* for defendants in error.

The opinion of the court was delivered by

DENNISON, J.: The court did not err in overruling the motion of plaintiffs below for judgment. This was an action for the recovery of money and the foreclosure of a mortgage in which the validity of both the note and mortgage was attacked. Either party was entitled to a jury trial as a matter of right, and the court must either render judgment upon the verdict of the jury or he must set it aside and grant a new trial.

In the remarks of the trial judge in passing upon the motion for a new trial the judge stated that his judgment did not coincide with that of the jury. The judge also said:

"I think this is a case in which the jury, through sympathy for the woman and children, returned a verdict that is not supported by the evidence; yet, notwithstanding the fact that my judgment does not approve the verdict of the jury, I think it my duty to overrule the motion for a new trial. . . . My judgment did not approve the verdict at the last term and I granted a new trial. Subsequent consideration of the evidence introduced at that trial and hearing

the case tried at this term did not change my views, and it is not probable that upon the same evidence I will change my views in the future."

If the trial judge does not approve of the verdict of the jury he must set it aside and grant a new trial. This requirement is so well established by the decisions of our supreme court that it leaves no discretion with the trial judge, but is a mandatory duty imposed upon him. (*Richolson v. Freeman*, 56 Kan. 463.)

In the case of *K. C. W. & N. W. Rld. Co v. Ryan*, 49 Kan. 12, HORTON, C. J., in delivering the opinion, says:

"It has been the unvarying decision of this court to permit no verdict to stand unless both the jury and the court trying the cause could, within the rules prescribed, approve the same. When the judgment of the trial judge tells him the verdict is wrong, whether from mistake, or prejudice, or other cause, no duty is more imperative than that of setting it aside and remanding the questions at issue to another jury. While the case is before the jury for their consideration, the jury are the exclusive judges of all questions of fact; but when the matter comes before the court upon a motion for a new trial it then becomes the duty of the trial judge to determine whether the verdict is erroneous. He must be controlled by his own judgment, and not by that of the jury. . . . He must approve or disapprove the verdict. If he approves, he may overrule the motion for a new trial; if he disapproves, he should set it aside and permit another jury to pass upon the facts."

The judgment of the district court is reversed, and the cause remanded for a new trial.

All the Judges concurring.