STEPHEN BARNEBEE ET AL., ADM'RS OF HOSEA BARNEBEE **v.** DAVID R. BECKLEY, HENRY H. BROWN ET AL.

*Accounting—Practice—Waiver of irregularities by consenting to farther action.*

When a case of accounting is brought to the Supreme Court without any regular accounting having taken place below, the court will refuse to hear it, and remand it for proper proceedings.

The proper course on accounting is for parties to appear before a commissioner, with charge and discharge accounts, and after full

hearing before and report by him, to file exceptions to his report, and bring the case to a hearing upon them.

The circuit judge has a right to hear a case of accounting without a reference to a commissioner, but when he does so, he should proceed as a commissioner would, and the parties should make their complaints of his action in such form that, if the case is appealed to this court, the precise matters in controversy will be indicated by the record.

Irregularities in proceedings before a commissioner are waived by the parties afterwards appearing in court and consenting that the circuit judge may himself take up and proceed with the reference in the course of which the irregularities occurred.

Appeal from Kalamazoo. Submitted April 15 and 16. Decided June 11.

Bill for accounting. Complainants and defendant Beckley appeal.

*Germain H. Mason* and *John B. Shipman* for complainants.

*O. J. Fast* and *Charles Upson* for defendant Beckley. An exception to a commissioner's report after notice of irregularities in the proceeding before him, waives the irregularity, *Tyler v. Simmons* 6 Paige 127; *Suydam v. Dequindre* Walk. Ch. 23; *Ward v. Jewett* id. 45; *Emerson v. Atwater* 12 Mich. 323; where exception is taken to an account which contains items of charges, he must specify the specific charges of which he complains, 2 Smith Ch. Pr. 372; 2 Dan. Ch. Pr. (4th Am. ed.) 1315, n. 4; *Foster v. Goddard* 1 Bl. 509; *Dexter v. Arnold* 2 Sumn. 108; *Holcomb v. Holcomb* 3 Stockt. 281; *Smalley v. Corliss* 37 Vt. 486; *Wilkes v. Rogers* 6 Johns. 566; *Emerson v. Atwater* 12 Mich. 314.

Cooley, J. This is a bill for an accounting. The facts are complicated, but it will be sufficient for our purposes to state the following:

The co-partnership of H. Barnebee & Co., consisting of Eldridge Brown, Henry H. Bourn and Hosea Barnebee, was formed in the month of June, 1873, for the

purpose of carrying on at Mendon, in St. Joseph county, the business of manufacturing sash, doors, blinds and agricultural implements, the foundry business and the selling of lumber. In June, 1874, the co-partnership was dissolved and terminated by the mutual consent of the parties, and the assets were assigned to the defendant Beckley in trust, that out of the avails and proceeds he should pay his expenses as trustee, and all the debts of the copartnership, and then return the balance to the assignors. At the same time Barnebee sold his interest in the copartnership to Bourn. Beckley accepted the trust under the assignment, and proceeded to collect dues, sell property and pay debts. In January, 1875, Barnebee died intestate, and complainants were appointed administrators upon his estate. Meanwhile the trust had not been fully discharged by Beckley, or the debts paid, and demands amounting to several thousand dollars, which were debts of H. Barnebee & Co., were presented and allowed against the estate of Hosea Barnebee. For the purpose of protecting the estate, and securing the payment of these claims from the assets of H. Barnebee & Co., this bill is filed. It charges neglect of duty, mismanagement and failure to account on the part of Beckley as assignee, and calls for an accounting. An issue was formed on this bill, and voluminous testimony has been taken, but it is not necessary to give any further statement of the pleadings. As the case now stands no questions are presented for decision except those arising upon or connected with the accounting, and those alone will be referred to.

An interlocutory decree for an accounting was made by the circuit judge in July, 1877, and it was referred to S. M. Sadler, a circuit court commissioner, to make and state an account from the pleadings and proofs. The commissioner was also empowered by the decree to take further testimony in writing if he should deem it necessary to enable him to understand and state the account. Under this decree the parties respectively

appeared before the commissioner and presented their charge and discharge accounts, and a hearing was had upon them and further evidence taken.    December 28, 1878, the commissioner made up and signed his report, in which he found chargeable to Beckley in all the sum of $7959.11.  As against this he found him entitled to credits to the sum of $9927.15, leaving due to him $1978.04.

The complainants took a large number of exceptions to the commissioner's report, some of which were to irregularity in his proceedings, and others to the allowance or disallowance of items in the respective accounts. So far as these related to irregularities, they were not well taken, because irregularities are not corrected in that mode.  The complainant should have applied to the court for the proper order requiring the commissioner to correct his action in the particulars complained of; *Schwarz v. Sears* Walk. Ch. 19; *Emerson v. Atwater* 12 Mich. 314; or, as the commissioner in this case went out of office immediately on filing his report, the complainants should have applied for a new reference.

But the complainants neither applied for an order, nor did they bring the case to a hearing upon the report and exceptions.    Instead of pursuing either course, the suggestion seems to have been made to the circuit judge that he proceed himself to state an account and dispose of the case without further action of a commissioner, and by consent of parties this course was adopted, or at least entered upon.    The complainants filed a second charge account of items, which they claim were already established by evidence, and the judge proceeded to an examination of the case, and embodied his conclusions in the decree appealed from.

From the decree it appears that there was no regular accounting whatever before the circuit judge, and it is not apparent that either party expected or requested it. The judge begins the statement of his conclusions in the decree by reciting that certain sums, amounting in all to $8968.06, "are admitted by said David R. Beckley to

have been received by him, and are of the value stated, and the said David R. Beckley is properly charged with the amount in this accounting." He also finds certain other items, amounting to $1542.71, properly chargeable to Beckley, making .the total amount of his debits $10,-510.77. Some of these were items contained in the second charge account above mentioned. As against these debits the judge finds Beckley entitled to credits amounting to $7127.23. This leaves a balance of $3,-383.54, and for the payment of this by Beckley a decree was entered. Beckley appealed, and so also did the complainants, though the latter seem to have been satisfied with the decree as it stood.

If, when the parties request a circuit judge to dispose of a case of accounting in the mode adopted in this case, it were certain that they would accept and abide by his conclusions, there might be no objections to that course. But as such a case is always open to an appeal, and cases of accounting are very likely to involve much personal feeling which leads to persistency in litigation, it is a mistake when the circuit judge yields to the wishes of parties and undertakes to settle a case of accounting otherwise than in the usual way. The customary and regular method will give us a regular accounting upon charge and discharge accounts, a commissioner's report showing what is allowed and what disallowed, exceptions to this report pointing out the particular items in respect to which the commissioner is supposed to have erred, and the ruling of the court upon these exceptions. If then an appeal is taken by either party, the questions on the hearing will commonly be simple, and can be disposed of without the necessity of examining and considering the mass of evidence relating to items which, if they were ever subject to controversy, ceased to be so when no exception was taken to the commissioner's conclusions respecting them. In several cases in which appeals have been brought before us, an immense mass of testimony, exhibits and account books,

and in which the decree showed only that a certain amount, arrived at in an unexplained way, was found due from one party to another, we have been compelled to remand the record and order a proper accounting. Justice to the parties, no less than to the court, demands this course; for an accounting upon complicated transactions, involving as it usually must a vast number of small and obscure transactions, may require the constant presence and frequent explanations of parties, clerks and servants for many days or even weeks, while the judicial officer is going through with the details; and it is only in the commissioner's office that this sort of investigation cán be gone through with. We do not mean that the circuit judge may not at his option, with entire propriety, state the accounts himself instead of ordering a reference to a commissioner; but when he does so, he will proceed as a commissioner would, upon charge and discharge accounts; and when he states the account, the parties by exceptions should bring to his attention such of his conclusions as they object to, not only that he may have the opportunity to make corrections, but also that, in case of appeal, it may be understood by this court exactly what remains to be contested.

This case is different from any we have remanded, in that by the decree we are enabled for the most part to single out the items which are in contest. But the evils of an irregular hearing are sufficiently apparent here, for neither party understands exactly what may be contested on this record. This is apparent from the briefs. The complainants discuss the exceptions taken to the commissioner's report, and his irregularities in action, while Beckley complains that a second charge account was permitted to be brought in against him at the hearing, without an opportunity to answer it, and that the judge erroneously finds that he has admitted debits amounting to the large sum first stated in the decree. In view of the objections that are taken on both sides, we might

perhaps with entire propriety remand this case also; but as the consequence must be considerable delay, expense and annoyance, without any great certainty of reaching more satisfactory results, it has been decided to conclude the case now. In doing so we shall state briefly our conclusions.

I. All questions of irregularity in the commissioner's action, and all the exceptions to his report, were rendered immaterial by the failure to require any ruling of the circuit judge upon them, and by submitting the case to him in the method adopted. The report itself became then immaterial, except as it might furnish some assistance to the judge in reaching his own conclusions.

II. If defendant was embarrassed or injured by the bringing in of a new charge account at the hearing, or by any failure to give him an opportunity to meet it, he should have made some proper motion for relief, either in the circuit court or in this court. He cannot make his objection for the first time now, on an appeal from a decree on the merits.

III. In reviewing the allowances made by the circuit judge, we consider ourselves necessitated to take the sum of $8968.06, which the judge says is made up of items admitted by Beckley, as an established demand. It is insisted on behalf of Beckley that no such admission is made; that the judge deduces his conclusions from the evidence and the commissioner's report, and that these do not justify him; and an argument is made to convince us of his error. It is not unlikely that this view of the judge's statement may be correct; but as it was competent for the parties to make admissions and concessions at the hearing, we do not consider ourselves at liberty to disregard the judge's statement.

In some other particulars we are satisfied the judge did not allow to Beckley all he was entitled to. These cases will be mentioned, but without going into explanations or argument.

He was charged with lumber received at Mendon to

the amount of $1064.91 more than we think there is any satisfactory evidence he received.

He was refused allowance for $580.74 paid on debts of H. Barnebee & Co., and $47 interest, because the payments were made by Bourn, and not by Beckley himself. But we think the evidence sufficiently shows that the payment by Bourn was only an indirect payment by Beckley, and that it was made with assets of the copartnership which were charged to Bourn when received.

The circuit judge disallowed the sum of $125.70 paid by Beckley to satisfy a judgment in Allegan against one Kellicutt. The objections to the allowance of this were that the copartnership had made and delivered to Beckley a schedule of the demands for him to pay, not including this among them, and that it was not in fact their debt. But the schedule was only a guide to him: he was not restricted to it if other debts appeared. And as to this demand it appeared that H. Barnabee & Co. were under obligations to indemnify Kellicutt, and it ought therefore to have been regarded as their debt.

Beckley in his discharge account credited himself with $524.31, errors in inventorying lumber to him. This was disallowed, as we think, erroneously.

Beckley also claimed an allowance for logs returned by him to the amount of $149 more than was credited. This claim should have been acceded to. There is no reason for believing that he used, made way with, or was fairly chargeable with any more logs than he debited to himself.

If an accounting is made up with these allowances, it will stand as follows:

| | | |
|---|---:|---:|
| Debited to Beckley by the circuit judge | | $10,510 77 |
| Deduct lumber | $1,064 91 | |
| Payments by Bourn | 580 74 | |
| Allegan judgment | 125 70 | |
| Loss on lumber | 524 31 | |
| Logs not used | 149 00 | |
| Allowed by the judge | 7,127 28 | |
| | | 9,571 94 |
| Balance against Beckley | | $938 83 |

In this, some considerable sums paid by Beckley for moving lumber are disallowed. As the lumber was moved for convenience in selling, it may reasonably be supposed the expense was added to the price; and as the lumber is accounted for at the invoice price only, and certainly in some cases was sold for more, the judge was fairly justified in rejecting these charges.

It is probable that some further items ought to be credited to Beckley, and especially some accounts made by him in disposing of the assets and which remain uncollected; but we do not feel sufficiently convinced of this or of any other supposed errors to be justified in making further changes either way.

The commissioner allowed Beckley $1000 for his services. The circuit judge allowed but $232.58 "for services and expenses." If he acted in good faith and with reasonable diligence in the discharge of his duties, there is no reason why he should not be compensated. Bad faith in some dealings is charged against him, but we do not think it is made out. There is also a charge of concealment and evasion in respect to his accounts, which we also find not established. He is chargeable, however, with some degree of carelessness in his accounts, and in view of this and of the short time he acted as trustee, perhaps $500 would be a fair allowance. For the payment of the balance, $671.41, decree will be entered, and the costs in the circuit court will follow. But as the decree of that court is largely reduced on appeal, Beckley is entitled to the costs of this court, to be set off against the sums awarded against him.

The other Justices concurred.