THOMAS SNELL

*v.*

JAMES DeLAND.

*Filed at Springfield May 11, 1891.*

1. PARTNERSHIP—*compensation for the services of one partner—how charged.* Where the court, on bill to settle a partnership account, finds that one of the partners is entitled to compensation for services, and the amount thereof, it is proper to render a decree against the other partner for one-half of such compensation, instead of charging the gross sum to the firm, and then decreeing that such other partner pay half of it.

2. MASTER'S REPORT—*should show the items allowed and disallowed.* The master to whom a cause is referred to take and state a partnership account, should state the items allowed and disallowed. If he fails to do so, it is the duty of the court, on proper exception, to recommit the master's report to him, with instructions to conform to the proper practice.

3. SAME—*exhibits before master—shown in record.* Where a master's report of his statement of an accounting refers to exhibits or accounts filed by the parties, as showing the items of the accounts of each party, such exhibits should not be omitted from the record sent to this court. If left out of the transcript, the record should be amended; and if detached from the report and lost, they should, on application to the court below, be supplied, and then shown in the record.

4. SAME—*exception to master's report—should be specific.* A party objecting to the allowance of any item of an account by the master should except specifically to the items complained of. An exception to the aggregate amount of the items contained in certain exhibits, and "to any part thereof," is too general, as it would require the court to restate the account, the same as if no accounting had been had before the master.

5. SAME—*form of master's report—contents.* Where the respective parties make out and file with the master their itemized accounts, the master may state the result of the accounting, with the items rejected, in the body of his report, and refer to the schedules or accounts filed therewith, for the particular items entering into the account. Whatever mode is adopted by the master, the items of the account should in some way be designated, and his ruling thereon be made to appear.

6. PRACTICE—*time to object—admission of evidence.* Where the parties to a bill for the adjustment of partnership accounts try the case on the question of the right of the complainant to compensation for his services, and the defendant makes no objection to the admission of evidence on such question, on the hearing or otherwise, it will be too late on appeal or error to object to the decree that it allows compensation when it is not asked for in the bill. If a bill is not sufficiently specific to admit evidence, objection should be made, so that it may be obviated by amendment.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of DeWitt county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. THOMAS F. TIPTON, for the appellant:

There is no allegation in the bill setting up an agreement for the payment of compensation for services, or for interest. On the contrary, in the bill it is alleged that each party was to furnish an equal amount of capital and labor, thus making one case by the bill and another by the evidence, which can not be done. There can be no compensation or interest without an agreement of the parties. Collyer on Partnership, 183; *Askew* v. *Springer,* 111 Ill. 662.

The master should have made a schedule of the accounts allowed on the several firm accounts, so that it might be seen what accounts were in fact allowed and what rejected. *Gage* v. *Arndt,* 121 Ill. 496; *Mosier* v. *Norton,* 83 id. 519; *Moss* v. *McCall,* 75 id. 190; *Prince* v. *Cutler,* 69 id. 272; *Stewart* v. *King,* id. 509.

In this case appellant filed exceptions before the master which were not passed upon by him, the master referring the whole matter to the court, declining to pass on the exceptions.

The items of the accounts taken before the master should have been stated in the report. The course taken by the master here defeats the very object of referring the cause to the master to state an account, and results in that confusion developed in this case. *Brockman* v. *Aulger*, 12 Ill. 279; *Craig* v. *McKinney*, 72 Ill. 305.

The report of the master does not amount to a statement of the account. It is simply the striking of a balance. (*Sallee* v. *Morgan*, 67 Ill. 376; *Danforth* v. *McIntyre*, 11 Bradw. 417; *McClay* v. *Norris*, 4 Gilm. 370.) This last case shows how the account should be stated by the master.

It is the duty of the appellate court, in reviewing the proceedings in this case, to try the case on the record, as the court below should have tried it, and as a general rule there is no presumption in favor of a decree, as in the case of a judgment at law. *Flagg* v. *Stowe*, 85 Ill. 164; *Coari* v. *Olsen*, 91 id. 273; *Danforth* v. *McIntyre*, 11 Bradw. 417.

The master should have rendered a concise and accurate statement of account, to enable this court to determine whether or not any claims were improperly allowed or any claims were improperly rejected. *Payne* v. *Newcomb*, 100 Ill. 612.

That the case should be reversed and remanded, with directions to refer the case back to the master for statement of account, see *Sallee* v. *Morgan*, 67 Ill. 377; *Patton* v. *Patton*, 75 id. 446; *Daly* v. *St. Patrick's Catholic Church*, 97 id. 22; *Moss* v. *McCall*, 75 id. 191.

Messrs. MOORE & WARNER, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This is a bill filed by appellee, in the DeWitt circuit court, for a settlement of alleged partnership affairs and for a division of assets of the firm. It is alleged that about January 1, 1875, the parties entered into a co-partnership, for an indefinite time, for the purpose of buying, selling, improving, farm-

ing and leasing land, and doing a general trading business, by which they were to contribute equally in time, labor and money, and share equally in profits and losses; that in pursuance thereof they purchased certain lands described, in Shelby and DeWitt counties, one hundred and twenty-three mules, and other personal property, consisting of farming implements, etc.; that they have expended and received large sums of money in and from the business; that complainant has paid more and received less than his share, and defendant has paid less and received more than his, and that they can not settle the affairs of the co-partnership between themselves. The bill prays for a dissolution, for a partition and division of the property on hand, and for an accounting under the direction of the court, and for general relief, etc. The answer of appellant admitted the purchase, jointly, of the property mentioned, and for the purposes stated in the bill, but denied that there was ever a partnership in respect to it, or that he was indebted to the complainant on account of it, or of any business growing out of it, or had refused to account and settle with him of and concerning the same, and expressed his consent to a partition and division of the property and to an accounting, as prayed by the bill. He also filed a cross-bill, alleging a balance due him, and the neglect and refusal of the complainant in the original bill to account, and asking affirmative relief. Under orders entered by consent of the parties the real estate and personal property on hand were partitioned and divided, and the incumbrances on the land apportioned between them, to their satisfaction, and a special master, agreed on, was appointed to take the proofs and state an account.

It appears from the record, and the court found, that the parties had a settlement in the year 1877, but not afterwards. Many items claimed on each side were contested, but the principal conflict was in reference to the relation of the parties. Appellee had been in the control and use of the land jointly

owned by them, and what was the character and extent of his liability for the use of appellant's half,—whether he was to be charged as tenant in common, as trustee or co-partner,— and whether he was entitled to compensation for services in conducting the business, and for money expended in improvements, etc., were the principal matters of contention. Appellant insisted that he and appellee were not partners, and that appellee was liable to him for the reasonable rental value of his half of the land, without regard to the amount received, and had no right to payment for services or improvements; and if it should be found that he was a partner, appellee would be entitled to no compensation without an express contract to that effect, and that there was no such agreement. Appellee contended that they were partners, that there was an express agreement for compensation, and that being a partner he was liable only for the exercise of good faith and reasonable diligence in the management of the affairs of the co-partnership, and for net profits realized. The cause was referred to a special master selected by the parties, who, after taking the proofs, declined to pass upon the question of partnership, for the reason that he was not a lawyer, and filed his report, stating the account and the alternative, showing, if they were held partners, a balance due from appellee to appellant of $56.03, and disallowing the claim of appellee for compensation, and if they were not partners, a balance owing to appellant from appellee of $4179.07. Exceptions were filed by both parties, none of which were allowed by the master. Upon hearing, the court found that in respect of the matters and affairs in controversy the parties were partners, sustained an exception to so much of the report as disallowed appellee compensation, and found him entitled thereto, and added to the account of appellant the sum of $630, as being the part of such compensation equitably due from and to be paid by him, and restated the balance by finding due from appellant to appellee, $573.97, being the amount allowed as compensation to be

paid by appellant, less the $56.03 found by the master to be due to appellant on his accounting between the parties as partners. The court overruled all of the exceptions and rendered a decree accordingly. This decree was affirmed by the Appellate Court.

No good purpose can be served by a discussion of the evidence at length, and it will suffice that we have carefully considered it and are of opinion that the preponderance supports the decree, both as to the fact of partnership and that an express agreement was made for compensation to appellee for his management and control of the partnership affairs. We can not say, therefore, that the court erred in its findings in these respects, or in fixing the amount of the compensation to be charged to appellant's account. The finding was as between the partners, and it was entirely proper for the court to render its decree against appellant for his half of the service, instead of charging the gross amount of compensation to the firm and then decreeing that appellant pay one-half of it.

It is objected, however, that "there is no allegation in the bill setting up an agreement to pay compensation for such service," and therefore that portion of the decree was erroneous. It is obvious no such point was made in the circuit court. Indeed, counsel for appellant, in his brief filed in this and the Appellate Court, states that "the substantial disputed questions of fact are, among others: First, as to whether appellant and appellee agreed to form a co-partnership and buy and sell these lands and mules; second, did appellant agree to pay to appellee compensation for his services, as alleged in the bill." The liability of appellant to appellee is charged in the bill in general terms, and the prayer is for an accounting between them and for general relief. It is denied, both in the answer and cross-bill filed in the case, that any agreement was made between the parties for the payment of such compensation. The great mass of the evidence relates to this question, and it is apparent that it was hotly contested. No

objection was made before the master or to the court, or attention called to the want of such specific allegation in the bill. The allegations and proofs are not inconsistent. If the bill was not sufficiently specific in its allegations to admit the evidence, it was at any time subject to amendment, and it was the duty of appellant, if he desired to insist thereon, by objection to the testimony, or in some other way, to call the attention of the court thereto.

It is next urged that the decree should be reversed because the master failed to return an itemized account of the claims of the parties,—that is, it is said that, with a very few exceptions specifically named in the report, it passes upon the accounts *en masse*, finding the balances, merely. The report as contained in the record is subject to the criticism, and is in violation of the rule laid down in *McClay* v. *Norris*, 4 Gilm. 370, and *Gage* v. *Arndt*, 121 Ill. 496, in that it fails to state the items allowed and disallowed by the master. No exception was filed to the report questioning its sufficiency in the respect mentioned. If the report is so made up that the parties may not know what items enter into the statement of account, and what disposition is made of them by the master, so that exceptions to his ruling can be filed, the court should, upon proper exception to the report, re-commit it to the master, with instructions to conform to the proper practice. No such order was here necessary, if it had been asked for. It appears that the master adopted the practice of stating the result of the accounting, with items rejected, in the body of his report, and referring to schedules filed therewith for particular items entering into the account. This practice is sanctioned in Daniel's Chancery Pleading and Practice, 1302, and approved by this court in *Craig* v. *McKinney*, 72 Ill. 314. The mode adopted is not, however, material, so that the items of account are in some convenient way designated, and the master's ruling thereon made sufficiently to appear.

By order of the court the parties made out and filed with the master itemized statements of their respective accounts, showing debits and credits. Appellee presented three separate statements : one the DeWitt county lands (Mitchell tract) account, one the Shelby county land account, and one the account of the purchase of mules, etc., by the firm, and which are designated in the master's report as "Exhibits A," "B" and "C" thereto. Appellant presented his account, which is designated as his "Exhibit A." These exhibits do not appear in this record, but are referred to in the body of the master's report, by their respective designations, as indicating what was allowed or disallowed by him, and items are mentioned in the report as having been deducted or disallowed. It is clear these exhibits accompanying the report were before the circuit court. If this could otherwise be doubted, it conclusively appears by the exceptions filed by the appellant, as follows : "That the special master finds, in case the contention of the complainant that he and the respondent were co-partners in the Mitchell farm, the Shelby county lands and the mule account, and that the same was managed and operated by the complainant for the firm, the said complainant should be allowed the full amount of his account as shown by 'Exhibit C,' with the exceptions made in said report, when there is not sufficient evidence of the correctness of the items of the account ; that the special master erred in allowing the account of $8795.47, ('Exhibit B,' Mitchell account,) or any part thereof ; that the respondent excepts to the allowance of $10,730.15, or any part thereof. ('Exhibit A,' Shelby county land.)" It is manifest that the court and counsel were specifically advised of the items allowed and disallowed.

It is, however, said, that without such itemized accounting counsel can not properly present appellant's case in this court. If such is the case, appellant is alone at fault. If the exhibits were inadvertently omitted from the record the transcript could have been amended. If they were detached from the

report and lost, upon application to the circuit court they could have been supplied. It affirmatively appears that the report, when passed upon by the circuit court, was complete, and conformed to the requirements of chancery practice. Moreover, no specific exceptions were filed to any of the items entering into the accounting before the master. As seen by reference to the exception, they were to the aggregate amount of the items contained in the exhibit, respectively, and to "any part thereof." These aggregate amounts are set out in the report with even more particularity than in the exceptions. The exceptions filed fail to point out or designate any item which appellant desires to except to, or any ruling by the master deemed to be erroneous. The effect was to bring the whole case before the court and compel a hearing as to each item of the account. By this practice the purpose and object of the reference to the master to state the account would be defeated. We would, under such exceptions, be required to examine into and restate the account, precisely as if no accounting had been had before the master. There being no exception to any item, or to any specific ruling of the master, objection thereto must be deemed to have been waived. The court was justified in overruling the general exception filed.

The judgment of the Appellate Court affirming the decree of the circuit court will be affirmed.

*Judgment affirmed.*