## SULLIVAN et al. v. KITCHENS et al.

No. 11114—Opinion Filed March 27, 1923.

(Syllabus.)

1. **Reference — Findings of Fact—Insufficiency—Procedure.**

Where, under the provisions of sections 557, 558, and 559, Comp. Stat. 1921, a case is sent to a referee with orders to make findings of fact, and there are several im-

portant matters in controversy between the parties, and within the issues made in the pleadings, it is the duty of the referee to find specifically as to each of them; and where such finding is not made, it is the duty of the trial court to set aside the report of the referee and either make other reference or, the testimony taken by the referee being incorporated in the bill of exceptions, to examine the evidence and render judgment thereon.

**2. Appeal and Error—Disposition of Equity Case—Insufficiency of Evidence—Partnership Accounting.**

An action for a partnership accounting is a proceeding in equity, and where the sufficiency of the evidence to support the judgment of the trial court is challenged, it is the duty of this court to consider the whole record and weigh all the evidence, and, where the judgment of the trial court is clearly against the weight of evidence, to render, or cause to be rendered, such judgment as should have been rendered by the trial court.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Jessie E. Sullivan against G. Kitchens for partnership accounting; the First National Bank of Ada and E. J. Neal being made parties defendant. Judgment for defendants Kitchens and Neal, and plaintiff and the bank bring error. Reversed and remanded, with directions.

Green & Green, for plaintiffs in error.

Thomas P. Holt, for defendants in error.

COCHRAN, J. Plaintiff commenced this action against defendant, G. Kitchens, for a partnership accounting. The trial court submitted the case to a referee to report to the trial court his findings of fact. The referee thereafter made his report, finding that the plaintiff was indebted to defendant on account of the partnership business in the sum of $136.87. The petition of the plaintiff and answer of the defendant disclosed that there were several important matters in controversy between the parties. The parties had been engaged in the sale of Overland automobiles, and, in arriving at the true condition of the partnership affairs, it was necessary to find the cost of the cars purchased, expense in conducting the business, total sales, and amounts to be charged against each partner for withdrawal from the business. In addition, the answer of the defendant alleged that he had been damaged by reason of the failure to furnish money according to the terms of the contract, and the record further discloses that there was a controversy as to the proper charge to be made against the plaintiff for

two automobiles which he had taken from the business for his private use. The referee made no finding of fact in regard to any of these matters and it is impossible to ascertain from his report how he arrived at the amount which he found to be due by the plaintiff to defendant. In Walker v. Hosack (Kan.) 43 Pac. 781, the syllabus is as follows:

"Where a case is sent to a referee to find the facts and the law, and there are several important matters in controversy between the parties, it is the duty of the referee to find specifically as to each of them, so that if it is desired, exceptions may be properly taken, and a review had thereon by the court."

Section 559, Comp. Stat. 1921, is as follows:

"A trial before referees is conducted in the same manner as a trial by the court. They have the same power as the court to summon and enforce the attendance of witnesses, to administer all necessary oaths in the trial of the case, and to grant adjournments upon such trial. They must state the facts found and the conclusions of law separately and their decisions must be given, and may be excepted to and reviewed in like manner. * * *"

The trial court should have set aside the report of the referee because of the failure to make findings of fact according to the order of reference, and either referred the case again or, the testimony introduced being incorporated in the bill of exceptions, the trial court should have examined the same and rendered judgment thereon. The plaintiff in error has requested an examination of the evidence and rendition of judgment by this court, and, an action for a partnership accounting being a proceeding in equity, the rule announced by this court in Mendenhall v. Walters, 53 Okla. 598, 157 Pac. 732, is as follows:

"In a case of purely equitable cognizance, it is the duty of the Supreme Court, when the sufficiency of the evidence to support the findings of the trial court is challenged, to consider the whole record and weigh all the evidence, and, when the judgment of the trial court is clearly against the weight of the evidence, to render or cause to be rendered such judgment as should have been rendered in the trial court."

The sufficiency of the evidence to support the judgment of the trial court in this case having been challenged, we have examined the testimony contained in the record, and find that the judgment rendered by the trial court is clearly against the weight of the evidence. It appears that there is very little difference between the parties on most

of the items entering into the accounting, but the principal items of difference are the amounts which should be charged against the plaintiff in error for the two cars which were taken by him for his private use and an item of $200 which the defendant claims should be allowed him for parts which he gave away without taking proper credit on the books of the partnership. It is our opinion that there is not sufficient evidence to sustain the claim for the $200 item and that the plaintiff should be charged $2,180 for the two cars which he took for his own use, and that the evidence shows the total cars sold, including the two cars to the plaintiff and the cars sold by the receiver, amount to $38,416; that the cars cost $32,390.49 and the expenses, including the expense of receivership, amounted to $2,894.14, leaving a net profit on the cars sold of $3,131.37; that the defendant, G. Kitchens, had withdrawn from the partnership the sum of $2,419.61, and is entitled to credit thereon of one-half of the profits, amounting to $1,565.69, and items paid by him for the benefit of the partnership, amounting to $306.05, leaving the sum of $547.87, which the defendant had withdrawn in excess of the amount to which he was entitled.

The judgment of the trial court is reversed, and cause remanded, with directions that judgment be entered for the plaintiff, Jessie E. Sullivan, against the defendant, G. Kitchens, for $547.87, and that the cost on appeal and in the lower court be divided equally between the plaintiff and the defendant.

JOHNSON, V. C. J., and McNEILL, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.