### CLEMENT MORTGAGE CO. v. LEWIS et al.

No 16897—Opinion Filed Sept. 7. 1926.

Rehearing Denied Feb. 15, 1927.

(Syllabus.)

**1. Appeal and Error—Review of Equity Case.**

In a case of purely equitable cognizance, it is the duty of the Supreme Court, when the sufficiency of the evidence to support the findings of the trial court is challenged, to consider the whole record and to weigh all the evidence, and, when the judgment of the trial court is clearly against the weight of the evidence, render or cause to be rendered such judgment as should have been rendered in the trial court.

**2. Reformation of Instruments—Misdescription of Lands in Mortgage.**

A misdescription of mortgaged real estate may be reformed by a court of equity in a proper case so as to cover the property intended to be mortgaged, whether the result be to increase or to diminish the amount of property subject to the incumbrance.

Error from District Court, Murray County; A. C. Barrett, Judge.

Action by the Clement Mortgage Company against J. H. Lewis. Mae Lewis, his wife; A. P. Lewis. Sallie Lewis, his wife; C. M.

Rennie and Mollie Lewis. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

John E. Luttrell, for plaintiff in error.

H. W. Broadbent, for defendants in error.

PHELPS, J. J. H. Lewis, who was one of the defendants below and one of the defendants in error here, executed to the plaintiff a mortgage covering lots 1 and 2 in block 68 in the town of Hickory, Murray county, Okla., which property was unimproved except an old barn which had been built for nearly 20 years. Lewis was also the record title owner of lots 1, 2, and 3 in block 69 in the town of Hickory, which was improved with a residence, concrete cellar, outbuildings, etc., and upon which he resided with his mother, Mollie Lewis, who is also a defendant in the action. The two properties were adjacent, being separated only by an alley which was not open to traffic, all five lots being under the same enclosure.

The only question presented by the appeal is whether the court erred in refusing to grant the prayer of plaintiff to reform the mortgage and substitute lots 1, 2, and 3 in block 69 for lots 1 and 2 in block 68, as described in the mortgage.

The negotiations for the loan were conducted by J. A. Lewis, a brother of the mortgagor; written application, sworn to by J. H. Lewis, the mortgagor, was made to the loan company, in which it was represented that the lots thus described were improved with a residence 32 by 44 feet, painted and having two porches, a two-story barn 20 by 30 feet, a smokehouse, a concrete cellar and a well, the estimated value of such improvements being $2,000. The evidence shows that when this application was filed a representative of the mortgage company, in company with J. A. Lewis, went to the premises where they found Mrs. Mollie Lewis residing, and with her assistance they thoroughly inspected the premises, and upon a second visit she made an effort to find the insurance policies covering the improvements on the premises, the mortgagor having agreed in the application for the loan to assign to mortgagee his insurance policy against fire and tornado in the sum of $1,000.

After there had been a default in the interest payment on the loan, the agents for plaintiff discovered that the improvements were not located upon lots 1 and 2 in block 68 described in the mortgage. They took the matter up with J. A. Lewis and he assured them that this was only a typograph-

ical error and that he would see that correction was made so as to substitute lots 1, 2, and 3 in block 69, explaining that he had relied upon the description given him by the mortgagor. Ultimately, however, the mortgagor refused to make the correction and executed a deed conveying lots 1, 2, and 3 in block 69 to his mother, claiming that originally she had an undivided one-half equitable interest in the property, and that he conveyed his interest to her in payment of an indebtedness due her from him. The mortgagor denied that it was his intention to include lots 1, 2, and 3 in block 69 in the mortgage, and insisted that he had given his brother the proper description of the property he desired to have included in the mortgage, but his evidence is not at all illuminative as to why in his sworn written application for the loan he described the improvements upon the lots sought to be impressed by the mortgage. His mother, Mollie Lewis, also denied that she had any knowledge of a personal inspection having been made of the premises by representatives of the plaintiff.

From an examination of the whole record, however, we are fully convinced that it was the intention of both mortgagor and mortgagee that the mortgage should cover lots 1, 2, and 3 in block 69 instead of lots 1 and 2 in block 68, and that the court erred in not rendering judgment for plaintiff.

We are not unmindful of the rule that in law cases, where a cause is tried to the court, the court's finding will not be disturbed on appeal where there is any evidence reasonably tending to support it, but the rule in equity cases is equally well settled that where the sufficiency of the evidence to support the findings of the court is challenged, it is the duty of this court to consider the whole record, to weigh the evidence, and to determine whether the judgment of the trial court is clearly against the weight thereof, and if it shall determine this to be so, to render or cause to be rendered such judgment as should have been rendered by the trial court. Mendenhall v. Walter, 53 Okla. 598, 157 Pac. 732 (and cases there cited); Dotterer et al. v. Chicago, R. I. & P. Ry. Co. et al., 78 Okla. 67, 188 Pac. 1055; Sullivan v. Kitchens, 89 Okla. 108, 214 Pac. 176.

Mollie Lewis was, doubtless, made a party to this action because of the deed attempting to convey the property from the mortgagor to her, but it appears that she did not even know until a long time thereafter that the deed was made to her, and the explanation given by Mr. Lewis as to his reason for

conveying the property to his mother was very vague, indefinite, and uncertain, and upon a consideration of all the evidence we are bound to reach the conclusion that whatever interest she may now have in this property is inferior to the interest of the mortgagee.

In Depuy v. Selby, 76 Okla. 307, 185 Pac. 107, this court said:

"As courts of equity have always asserted the right to give complete relief on all matters properly brought before them, the party who seeks in a court of equity relief by reformation of a written instrument or deed may ask and obtain reformation thereof. * * *"

And in Varner-Collins Hardware Co. v. New Milford Security Co., 49 Okla. 613, 153 Pac. 667, this court held that:

"The holder of a first mortgage is entitled to a reformation to correct an error, the result of a mutual mistake, as against a junior mortgagee who received his mortgage to secure a past due debt."

And in First National Bank v. Wentworth, 28 Kan. 183, the Supreme Court of that state held that:

"Where a mortgage is given which contains a misdescription of the land, and thereafter the mortgagor gives a second mortgage to a third party, simply to secure a past due and antecedent debt, held, that such second mortgagee, having parted with nothing to obtain his mortgage, occupies no higher position than that of a voluntary grantee, and has no such rights or interest in the property as will prevent a reformation of the mortgage."

In Pomeroy's Equity Jurisprudence (2nd Ed.) vol. 5, sec. 2102, the rule is laid down that:

"Reformation may be had against a party to an instrument, and against any other taking from him without consideration or with notice. Accordingly, a purchaser or mortgagee who takes with notice is in the same position as the original party, so far as this remedy is concerned."

In R. C. L., vol. 19, pages 307, 308, the rule is laid down that:

"A misdescription of the property mortgaged may be reformed in a proper case so as to cover the property intended to be mortgaged, whether the result be to increase or to diminish the amount of property subject to the incumbrance."

Therefore, in the light of the record in this case and the authorities here cited, we reach the inevitable conclusion that the mortgage should be reformed as prayed for in plaintiff's petition.

The judgment of the district court of Mur-

ray county is reversed, and the cause remanded, with directions to proceed in conformity to the views herein expressed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 902, §2871; p. 1185, §3223; 2 R. C. L. p. 204; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91. (2) 34 Cyc. pp. 924, 940; 19 R. C. L. p. 307.