STATE ex rel. SMITH et al. v. DISTRICT COURT OF OSAGE COUNTY et al.

No. 30204. April 8, 1941.

Rehearing Denied April 23, 1941.

*112 P. 2d 381.*

R. A. Barney and H. P. White, both of Pawhuska, for petitioners.

Chas. R. Gray and W. N. Palmer, both of Pawhuska, for respondents.

WELCH, C. J. Plaintiff seeks to have this court, in the exercise of its power of superintending control, order the defendant district judge to furnish certain addenda to the judgment rendered in the district court of Osage county in consolidated cause No. 15981 after a trial had pursuant to directions contained in a former opinion and mandate of this court to that one. Drummond v. Smith, 185 Okla. 613, 96 P. 2d 42.

There we remanded to the district court here involved "for an accounting and such other proceedings as may be deemed necessary for a complete accounting and determination of the interests of the parties in the land and other property involved." Pursuant thereto a trial was had at very great length. There were a great many items of account claimed and presented by each of the several parties, including a great many items of charges, cross-charges, credits claimed and disputed and the like, covering dealings and transactions over a long number of years and involving several hundred thousand dollars.

At the conclusion of the trial the trial court found and stated the amounts for which judgment should be rendered in favor of the partnership and against the defendant Faye Simms Smith, and against Fay Farris Smith, and against defendant George W. Smith, and against defendant Wayland Smith, and against defendant J. B. Smith, and against defendant Tom Jeff Smith; and the amount for which judgment should be rendered in favor of A. A. Drummond against the partnership of Smith & Drummond; and such judgments were

accordingly entered and included in the final judgment rendered upon the trial.

However, the court made no statement of the accounts of the various parties against each other in the judgment, nor was any such statement of the accounts filed by the trial judge in the case, so that it is not possible to determine from the judgment and the records and files in the case what specific items or portions of the several accounts were allowed by the court or which were disallowed.

It appears that in the trial and upon agreement of the parties a certified public accountant was employed and sat with the trial judge during the trial, and thereafter worked with the trial judge in the checking of the various accounts stated by the parties and in compiling the accounts adopted as the true and correct accounts by the trial judge in determining and fixing and stating the ultimate amounts for which judgment was rendered.

After the trial, which required 41 full court days, and after the court had taken the matter under advisement and considered it and checked the accounts of the parties with the evidence, spending in that work with the court auditor 56 full days, the judgment was rendered. Thereupon the defendants requested the court to file with the judgment the ultimate statement of the various accounts, considered and arrived at by the court with the assistance of the auditor, and used as the basis for the several money judgments; and thereafter filed formal application for the furnishing of that additional information or addenda to the judgment.

The trial court declined to so act, upon the theory and conclusion that such action on his part was not necessary to the proper conclusion of the matter. It being stated, however, in the hearing in this court that the trial court would of course comply therewith if found here to be necessary.

The petitioner here contends that the action taken by the trial court does not constitute complete compliance with the former opinion and mandate of this court above referred to; that in order to complete such compliance, it is essentially necessary that the trial court certify and file with his judgment and as addenda thereto the final statement of the accounts of the various parties as found and determined by the trial court and taken by the trial court as the foundation and basis of the amounts for which the various money judgments were rendered. It is contended that without such addenda, there is no such complete accounting as was necessary under the former opinion and mandate, and that in the absence thereof, it is not possible on appeal to test the several money judgments rendered in large sums; and that substantial justice definitely requires such further action by the trial court in compliance with the former opinion and mandate of this court.

It appears that several of the parties, and perhaps all of them, will appeal and undertake on the record to better their position in the accounting; that is, that it is contended, on the one hand, that the ultimate judgments rendered should be increased in amount, and contended, upon the other hand, that such judgments are in excess of the correct amounts; and that in some of the instances no judgment whatever was justified under the record; and that in some cases the money judgment should have been the reverse of the judgment as rendered.

It is quite apparent that such contentions could not be properly presented as the record in the case now stands. It is also apparent that the action taken by the trial court does not constitute complete compliance with the former opinion and mandate of this court above referred to. We are convinced that under the former opinion and mandate it was the duty of the trial court, at least upon proper requests of the parties, to either include in his judgment or to certify and file therewith a statement of the accounts of the parties each against the other as found to be correct by the trial court, and as used as the basis and foundation of the money judgments rendered.

Often in such a case the trial court refers the accounting matter to a master or referee. That is specially authorized in this state by statute. See section 376, O. S. 1931, 12 Okla. St. Ann. § 613; Hale v. Marshall, 52 Okla. 688, 153 P. 167.

In case of such a reference, the duty of the master to fully state the account is well recognized. Sullivan v. Kitchens, 89 Okla. 108, 214 P. 176; Herrick v. Belknap's Estate, 27 Vt. 673; Reed v. Jones, 15 Wis. 44; Brockman v. Aulger, 12 Ill. 277; Craig v. McKinney, 72 Ill. 305; Gage v. Arndt, 121 Ill. 491, 13 N. E. 138; Snell v. DeLand, 138 Ill. 55, 27 N. E. 707.

Of course the trial court in such a case is not required to refer the matter to a master or referee. The trial court may fully try the case and dispose of all matters of accounting itself. In an action such as the case at bar, when the trial court proceeds with an accounting pursuant to specific directions of an opinion and mandate from this court, the further proceedings are not necessarily conducted by the trial court in exact similarity to the proceedings of a master or referee acting under the direction of a trial court. But nevertheless the trial court should be sufficiently specific as to detail, so that the ultimate result of the accounting would not only reflect the result reached, but, by stating the account settled as the true account by the court, would disclose to the parties the basis of the judgment rendered and permit further test of the accounting and judgment at the appeal of an aggrieved party. Other courts have had occasion to discuss the duty of a trial court to state an accounting. While the following cases cited are not directly in point, they are interesting upon the question by analogy. Davis v. Hofer, 38 Ore. 150; Hidden v. Jordan, 28 Cal. 302; Whann v. Doell, 192 Cal. 680; Margolis v. Leonard & Holt, 94 Cal. App. 716, 271 P. 758; Barnebee v. Beckley, 43 Mich. 613, 5 N. W. 976; Tatum Bros. Co. v. Shenk, 221 Fed. 182.

The whole purpose of the proceeding in the trial court pursuant to our former opinion and mandate was to determine and settle the accounts between the parties and thereby render and administer justice between them. The further action here sought to be required of the district judge is in direct line with such purpose, and we deem it wholesome, and wholly necessary to promote full accomplishment of such purpose.

It is not argued in the briefs or oral argument that this court is without power to require such further action on the part of the trial court. We have not heretofore exercised this power in an exactly similar case. It does not appear that a similar situation has arisen and been here presented, so that we are without direct precedent. However, when the action taken by a trial court pursuant to opinion and mandate of this court, though in entirely good faith, falls short of necessary compliance with the opinion and mandate, and justice definitely requires that further action and complete compliance be had and made by the trial court, it is undoubtedly the duty of this court to direct such further action and compliance, and we should not hesitate to do so merely for lack of direct precedent. It is apparent, of course, that no possible injustice can result to any of the parties by the furnishing of this additional information and detailed addenda by the trial court.

The following decisions refer to the duty and jurisdiction of this court in the exercise and application of its power of general supervising control over other courts in the exercise of their judicial functions. See Haddock v. Johnson, 80 Okla. 250, 194 P. 1077; State v. Kight, 49 Okla. 202, 152 P. 362; Shegog v. Incorporated Town of Lindsay, 127 Okla. 39, 259 P. 551, and State ex rel. Reirdon v. County Court of Marshall County, 183 Okla. 274, 81 P. 2d 488.

It is suggested in opposition to the relief here sought that no proper request was made of the trial court to include a statement of the accounts in his findings and conclusions. The facts are that at the commencement of the trial of the accountings, the parties made general request of the court for findings

of fact and conclusions of law. Immediately upon rendition of the judgments exact request was made that the court furnish the accounts as addenda to the judgment. Since the former opinion and mandate of this court so expressly required a complete accounting, we deem the various requests made of the trial court to be sufficient.

We have given consideration to the general authorities which apply the well-known rule requiring requests for findings of fact to be made of the trial court at the commencement of the trial. We here mean no departure from that rule. But no authority is cited justifying the application of that rule as determinative upon the point here involved.

We can find no basis for saying that the petitioners here lost or waived their right to the stating of these accounts as directed by former opinion and mandate of this court because of failure to make specific request of the trial court therefor at an earlier time.

The authorities cited in opposition to the relief sought fully sustain the rule that a party who makes no request for findings of fact at the proper time cannot complain at the failure of the court to make findings of fact and conclusions of law, but no authority is cited applying that rule to bar a party who did make timely general request for findings of fact from obtaining the specific relief here sought.

For the reasons stated, the respondent, district judge, is directed to at once or within a reasonable time certify and file in said action in said district court a complete statement of the accounts of and between the parties and each of them, as the same were settled by the trial court, and determined to be the true accounts, and taken as the basis for the money judgments rendered.

The issuance of any writ is withheld upon the statement in oral argument that the respondent would, of course, comply upon determination of the right of the parties to have such compliance.

OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, J., absent.