TERRILL v. LANEY et al.

No. 32827.   May 4, 1948.

*193 P. 2d 296.*

C. C. Wilkins, of Marietta, for plaintiff in error.

J. W. Dixon, of Marietta, for defendants in error.

GIBSON, J. Plaintiff in error, H. A. Terrill, as plaintiff, instituted this action against defendant in error, Kathryn Laney, and Willard Burton to recover possession of parts of lots one and two, block 33, city of Marietta, Oklahoma, and to quiet title to the whole of said lots. Burton defaulted in appearance and the issues between plaintiff and Kathryn Laney, hereafter referred to as defendant, were tried to a jury, resulting in verdict and judgment for defendant, from which plaintiff appeals.

Plaintiff deraigns his title from C. L. Laney, divorced husband of defendant. Defendant, then occupying the dwelling on lot one, refused to join in the deed or to surrender possession to plaintiff, and thereafter plaintiff's action was filed. For answer defendant, in addition to a general denial, avers that lot one was jointly purchased by her and her husband; that she, her husband and their minor children resided thereon as their homestead during the period of the marriage relation; that thereafter she and the children continued to reside there; that she is the owner of one-half interest in said lot and never consented to the sale of the home. For reply plaintiff denies that the lot partook of the nature of a homestead subsequent to the decree of divorce, and alleges that by reasons of a property settlement between defendant and her husband, made prior to the divorce, she released all claims she otherwise might have had in and to said lot and that the possession of the defendant was unlawful.

The evidence reflects that Laney and defendant were married December 27, 1927, and that there were born to them two children, a daughter, aged 16, and a son, aged 13, at the time of their divorce in 1945. That in August, 1942, they acquired said lot one, which was conveyed to Laney, and some time later acquired lot two which was likewise conveyed. On lot one there was a dwelling, a beer tavern and a filling station. Immediately after lot one was acquired they made the family home in the dwelling and jointly operated the several businesses. On March 14, 1945, Laney and defendant entered into the following contract:

### "Contract

"This agreement made and entered into on this 14th day of March, 1945, by and between C. L. Laney, party of the first part, and Kathryn Laney, party of the second part.

"Witnesseth: That whereas parties hereto have separated and desire to make a property settlement, it is hereby settled and agreed that party of the first part will pay to party of the second part the sum of $500.00 and deliver to party of the second part all household goods in the residence of the parties hereto in full settlement of all property rights, and party of the second part agrees to accept said $500.00 and all household goods for and as full complete settlement between the parties hereto, and hereby releases party of the first part from any claim to or against any other property owned by party of the first part.

"It is further agrees that party of the first part will place the sum of $500.00 with Crawford W. Cameron, Attorney, to be delivered to party of the second part when the divorce proceedings instituted by party of the second part are completed.

    "C. L. Laney,
      "Party of the First Part.

    "Kathryn Laney,
      "Party of the Second Part."

On March 16, 1945, defendant was awarded a divorce and the care and custody of the children. The decree makes no reference to the property rights of the parties or to the settlement contract. Defendant testified that the contract had reference to personal property and not to the real estate. She further testified, and it is not denied, that it was agreed between her and Laney that the dwelling would continue to be the home of her and the children and that she could earn a living by working at the beer tavern. Thereafter defendant and the children continued to occupy the home and she worked at the beer tavern, and with assistance of codefendant Burton operated same for Laney in his absence when he was called into military service. Such was the situation in August, 1945, when plaintiff inspected the property prior to the purchase and talked with defendant as to her rights. Their testimony is conflicting as to what was said. Plaintiff testified that defendant admitted that the title was in Laney, that she made no claim thereto and that she would relinquish possession. Defendant testified that she asserted her interest in the property, her right of occupancy of the home, and her refusal to surrender the possession.

On submission of the issues the court instructed the jury in substance that they must determine from the contract between Laney and defendant whether the latter accepted the $500 in lieu of all property, real and personal, or in lieu of personal property only; that if the jury should find that defendant by said contract relinquished all right to the real estate in question and assured plaintiff that she claimed no interest therein, they must find for the plaintiff; but if the contract did not settle the property rights so far as the real estate was concerned and that defendant was living thereon as her homestead with the minor children and that plaintiff knew thereof prior to the purchase, their verdict should be for the defendant.

The jury returned a general verdict for defendant and the court found that defendant was owner of one-half inter-

est in the house which she occupied, with the right to occupy the whole thereof so long as it was maintained as a homestead. It was further found that plaintiff was owner of the lot and one-half interest in the house subject to defendant's right to use and occupy same as a homestead. Judgment was awarded in accordance with such findings. Subsequent proceedings were had wherein the court undertook to modify said judgment, and error is assigned thereon. Since we shall hold that the original judgment must be reversed, we deem such subsequent action. and error assigned thereon immaterial and same will not be considered.

Plaintiff complains of the refusal of the court to withdraw the case from the jury on plaintiff's motion; the refusal to give plaintiff's requested instruction which declared that the word "property" as used in the contract included both real and personal property; and of the giving by the court the instructions above mentioned. In support thereof it is contended that it appears as a matter of law that defendant has neither title nor right of possession.

Plaintiff contends that the effect of the contract which stands unimpaired is to extinguish any right which defendant theretofore had in the lot and building thereon. Defendant does not deny that such is the literal construction of the contract. It is urged that under such construction it follows that, of the property accumulated by joint effort during coverture, Laney will have received in excess of $11,000, while the defendant will have received $500 in money, household furniture of the value of $1,500, and that, as between them, she is charged with the duty of supporting the children. It is urged that the transaction is clearly fraudulent. It is contended on authority of Mann v. Mann, 135 Okla. 211, 275 P. 348; Chamberlain v. Chamberlain, 121 Okla. 145, 247 P. 684, and other cases, that the relation between husband and wife is one of special confidence and trust, requiring utmost good faith and frankness, and that the courts will relieve against any transaction where one through coercion or fraudulent conduct procures an unjust advantage. And it is urged that since the defendant did not understand that she was parting with her interest in lot one, and both the jury and the court so found, the judgment of the court awarding her title therein should not be disturbed. This argument overlooks the fact that the effect of fraud in the inducement is to render a contract voidable and not void. And until avoided same in effect is unimpaired. Skinner v. Scott, 29 Okla. 364, 118 P. 394. The power of the court to avoid such a contract can be invoked only upon issues that involve the integrity thereof and there is nothing in the cases relied on to the contrary. The defendant did not seek by appropriate pleading to reform the contract on the ground of fraud or mistake, nor was the defendant's husband, plaintiff's grantor, a party to the action. Reformation may be had against a party to an instrument and against any other taking from him without consideration, or with notice. Clement Mortgage Co. v. Lewis, 122 Okla. 188, 253 P. 88. Any judgment reforming the contract would materially affect the legal or equitable status of all parties thereto, and before such reformation could be had it would be necessary to make defendant's husband, plaintiff's grantor a party thereto. Simon v. Hine, 78 Okla. 224, 190 P. 264. In the instant case, under issues upon which the case was tried, the question of fraud is not in issue. In such situation where the contract is not inhibited, it is the duty of the court to enforce it. Stark v. Stark, 185 Okla. 348, 91 P. 2d 1064. That such contracts do not contravene public policy, are valid and are not extinguished by decree of divorce unless same is disapproved therein or is superseded by the provisions thereof, is well established. Murphy v. McElroy, 185 Okla. 388, 92 P. 2d 369; Elliott v. Dunham, 191 Okla. 395, 130 P. 2d 534: Seyler v. Seyler, 190 Okla. 250, 122 P. 2d 804. That the

word "property" used in the contract, in its ordinary and proper sense, comprises real as well as personal property is beyond question. It is equally clear that when so considered the contract is explicit and involves no uncertainty. In Delk et al. v. City Nat. Bank of Duncan, 85 Okla. 238, 205 P. 753, we declared:

"The language used in a contract is to govern its interpretation, and, if such language is clearly explicit and does not involve uncertainty, the words used are to be understood in their ordinary and proper sense, and, when the language is plain and unambiguous, extrinsic evidence as to its meaning is not admissible."

In such situation, the construction of the contract is for the court and not the jury. Collings v. El Reno Building & Loan Assn, 175 Okla. 216, 52 P. 2d 57. As a matter of law it must be deemed herein that defendant by the terms of the contract relinquished all her claim to title in lot one and the building thereon. Hence, it was error for the court to submit to the jury the question of construction of the contract and error to adjudge that defendant had any title therein.

Concerning defendant's right of occupancy which, by affirmative defense is predicated not only on title but on homestead right, it is urged that the building became impressed with the character of a homestead prior to the divorce; that it had been continually occupied by defendant and children as such; and that, since same had never been abandoned by defendant, the sole deed of Laney was ineffective to destroy it, and the plaintiff was charged with notice of her rights by her possession. And such in effect was the holding of the court. However sound such contention might be if defendant were owner in whole or part of the title to the lot it can have no application here, where the title is in Laney and she is no longer a part of his family, unless such right of homestead was preserved to her by the divorce decree.

Tit. 12 O. S. 1941 §1279. To such effect we held in Goldsborough v. Hewitt, 23 Okla. 66, 99 P. 907, as follows:

" . . . The rights of the wife, therefore, in her husband's estate, after a divorce is granted, are regulated and determined exclusively by the provision of the decree of divorce, unless there is some valid contract between the husband and wife. When a wife, after the divorce, seeks to assert any claim to any part of the husband's property, homestead or otherwise, she must establish that right by the decree, or by a valid contract between herself and husband. In the case at bar, the defendant failed to show any such right. Neither Mrs. Kipp nor Kreugar presented any valid defense to plaintiff's claim for the possession of the property, and hence the plaintiff was entitled to a verdict as a matter of law."

If defendant's right of occupancy depended upon title to or homestead right in the premises, her possession is unlawful as a matter of law. However, it does not necessarily follow that defendant's right of occupancy is dependent upon title or a homestead right under the law as contended because the right of occupancy may arise from contract and the evidence tends to prove that such is the case here, though it appears not to have been considered by court or counsel. We have noted that defendant testified that it was a matter of agreement that she with the children should occupy the dwelling as a home and same was undenied.

The property settlement contract makes no provision for the maintenance and support of the children. The divorce decree, granted because of the wrongs of the husband, awarded the care and custody of the children to the wife but made no provision for the maintenance and support of the children. There appears no reason why the father, the owner of the premises and charged with duty of maintenance, could not have granted the right of occupancy to the mother in consideration of her affording such maintenance. The effect of defendant's testimony is

that there was such an agreement. And, though not clearly definite as to duration of the occupancy or of the respective rights of the parties under such agreement, and we express no opinion thereon, it does reflect that defendant's occupancy was lawful and hence plaintiff was without right of possession at the time of the institution of the action, which is essential to the recovery in the ejectment. Warner v. Coleman, 107 Okla. 292, 231 P. 1053. In order to recover in ejectment it is encumbent upon plaintiff to show that defendant unlawfully and without right keeps plaintiff out of possession. Winters v. Birch, 169 Okla. 237, 36 P. 2d 907. The evidence does not so show.

There are other errors complained of, but they will not be considered for, if the cause is retried, no doubt such errors will not occur again.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

HURST, C.J., DAVISON, V.C.J., and WELCH, CORN, ARNOLD and LUTTRELL, JJ., concur. RILEY, J., dissents.