## NEFF v. COHEN.

No. 33465. Jan. 31, 1950.

Rehearing Denied March 14, 1950.

*215 P. 2d 823.*

H. L. Smith, of Tulsa, and John Barry, of Oklahoma City, for plaintiff in error.

Elton B. Hunt and W. L. Eagleton, both of Tulsa, for defendant in error.

JOHNSON, J. The parties to this action, in the trial court, were in reverse relative positions. (Miss) L. B. Neff was defendant, and Max G. Cohen was plaintiff. They will be so designated herein.

The trial court entered judgment against the defendant for specific performance, in which the defendant is ordered to make and execute to plaintiff a warranty deed to lot 9, block 2, Horner Addition to the city of Tulsa. From this judgment, the defendant appeals.

The record discloses that on November 16, 1945, the defendant signed a contract with plaintiff, who is an attorney at law. That portion of the contract, material in this case, is as follows:

". . . The seller shall, within 5 days from the date hereof, deliver to the buyer at the office of N. L. Holman, agent, a complete abstract brought down to date showing a merchantable title or a guarantee policy of title insurance. The buyer shall have 5 days after such delivery of abstract to examine same.

"Upon the approval of the title, the seller shall deliver for the buyer at the office of said N. L. Holman, Agent, a Warranty Deed, properly executed and conveying said property free and clear from all liens and encumbrances whatsoever, except as herein provided.

"If the title is defective, the buyer shall specify the objections in writing

to be delivered to the seller at the office of N. L. Holman, Agent, within 5 days after such delivery of the abstract; the seller shall have the defects rectified within 5 days from date of delivery of such objection, but in case such defects in the title cannot be rectified within the time, this contract shall be null and void and the money deposited as aforesaid shall be returned to the buyer and the abstract returned to the seller.

"If the seller has kept his part of this contract furnishing good title as herein provided, and the buyer fail to comply with the requirements within five days thereafter, then the money deposited as aforesaid is forfeited by the buyer and this contract may or may not be thereafter operative, at the option of the seller.

"It is agreed by the seller to give possession of the premises on or before when deed is delivered.

"Accepted under the above terms and conditions.

"/s/  L. B. Neff, Seller
"/s/  Max G. Cohen, Buyer
"Witnesses: /s/  N. L. Holman,
"/s/  F. V. Wilder."

The record discloses that under this contract an abstract of title was delivered by defendant to plaintiff, and with reference to same in his testimony said: "I knew I had to examine it and submit an opinion within the time provided, and I did." The opinion referred to was dated December 11, 1945, and was divided into two subject matters, "Conditions" and "Requirements." There were five conditions of the title. The pertinent one here is "Condition II" which reads:

"Tulsa County acquired title to the property by County Treasurer's deed, issued under resale proceedings had April 17, 1939. L. B. Neff acquired title to this property from Tulsa County through County Commissioner's deed, dated October 31, 1939, recorded in Book 1354, page 43, which was executed under proceedings of sale of this property by the County Treasurer on October 2, 1939. These proceedings are irregular for the reason that the notice of sale was first published on September 14, 1939, which was only 18 days prior to the fixed date of sale, October 2, 1939. The law provides for once a week for three consecutive weeks preceding the sale for publication of notice, which means that the first publication should have been at least three weeks prior to the date of the sale. This renders the validity of these proceedings questionable."

There were five corresponding requirements. Requirement II provides:

"The irregularity in the proceedings of sale mentioned under Condition II should be remedied."

It is the contention of plaintiff that the judgment of the trial court is sustained by the evidence and the law. The defendant in substance contends that plaintiff was not entitled to specific performance because the defects in the title complained of by plaintiff could not be and were not rectified within the stipulated five days from the delivery of plaintiff's objections; that by reason thereof the contract became null and void; and that the judgment was against the clear weight of the evidence.

By the terms of the contract between plaintiff and defendant, if the title to the property agreed to be conveyed is found to be defective, and such cannot be rectified within five days from the date of delivery of such objection, the contract shall be null and void. The money deposited under the contract shall be returned to the buyer and the abstract returned to the seller.

The rule is elementary that one who contracts to sell real estate and make a good and sufficient deed thereto must do so, and if a vendor refuses, an action in specific performance may be brought compelling such vendor to do so, and a lack of title will not exonerate such vendor. But a vendor may contract against any real or supposed defect in the title. Hartzell v. Crumb, 90 Mo. 629. There is no reason a vendor may not do so if vendor and vendee

so desire, and the only question for us here to decide is whether the vendor has done so by the contract in this case. By reading the contract it is noted that there is no distinct and independent agreement to convey. Vendor's agreement to make a warranty deed is conditioned on there being a good title. But the contract does not even here cease to speak. It provides that if there turns out to be a defective title which cannot be rectified within five days that "the contract is to be null and void."

On this point plaintiff cites 49 Am. Jur. 120, and Miller v. Dyer, 20 Cal. 2d 526, 127 P. 2d 901, 141 A. L. R. 1428-1431. These authorities do not apply to the facts in this case.

It is argued by plaintiff that such provisions as found in this contract are only for the benefit of the vendee who may or may not insist upon them, and result in a waiver. And, as was said in Terte v. Maynard, 48 Mo. App. Rep. 463:

" . . . This is true, generally, and we do not wish to be misunderstood as saying that the vendor can, under all circumstances, excuse himself, for if the vendee should be willing to accept the title and relieve the vendor of his warranty as to the defect, the vendor should make the conveyance as provided, with the exception as to the defect which his vendee waives. . . ."

From a careful study of the record we observe that plaintiff never agreed to waive his purported right to have a warranty deed from the defendant. Plaintiff insists in his petition and trial that he was entitled to a warranty deed from the defendant, and in the judgment of the trial court it was so ordered. In syllabus No. 2, Terte v. Maynard, supra, is the rule that is applicable to the facts in this case. There it was said:

"The vendor may contract against defects in his title, and when there is no distinct and independent agreement to convey, but a stipulation if there turns out a defective title, the contract is to be null and void; the vendor need not convey unless the vendee so requests and relieves him from his warranty as to such defects."

We deem it unnecessary to further discuss the record in this case as we here again recognize the oft-repeated rule as announced in City of Barnsdall v. Barnsdall Nat. Bank, 185 Okla. 228, 90 P. 2d 1057, and Clement Mortgage Co. v. Lewis, 122 Okla. 188, 253 P. 88. There it was said:

"In a case of purely equitable cognizance, it is the duty of the Supreme Court, when the sufficiency of the evidence to support the findings of the trial court is challenged, to consider the whole record and to weigh all the evidence, and, when the judgment of the trial court is clearly against the weight of the evidence, render or cause to be rendered such judgment as should have been rendered in the trial court."

We have carefully examined the record, and hold that the judgment is against the clear weight of the evidence. The judgment is reversed, with directions to vacate the judgment and dismiss the action.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.