## HALL et al. v. BARRETT et al.

No. 17243—Opinion Filed April 13, 1926.

Withdrawn, Corrected, and Refiled April 20, 1926. Rehearing Denied July 13, 1926.

(Syllabus.)

1. **Prohibition—Prevention of Interference by One Inferior Court with Jurisdiction of Another.**

Prohibition will issue to restrain an inferior court from proceeding in an action or proceeding of which another inferior court has exclusive jurisdiction, but the writ will not lie where it is clear that the proceedings in one court will in no wise interfere with those in the other.

2. **Same—Issuance of Writ Discretionary.**

According to the weight of authority, prohibition is not a writ of right, but one of sound discretion, to be granted or withheld by the court exercising supervisory control according to the nature and circumstances of each particular case.

Original action for writ of prohibition by E. G. Hall et al. against A. C. Barrett, District Judge, et al. Alternative writ of prohibition granted. Alternative writ quashed. Writ of prohibition denied.

Bowling & Farmer and Sigler & Jackson, for petitioners.

Blanton, Osborn & Curtis, for respondents.

RILEY, J. On March 13, 1926, the petitioner sought an alternative writ of prohibition by an original action filed in this court for the purpose of prohibiting the respondent, Honorable A. C. Barrett, as district judge of Garvin county, from exercising an alleged excessive and unauthorized application of judicial force in the cause of Goldie Hall v. E. G. Hall, T. C. Hall, Tip Hall, Ella Nolan, and Joe Foster, No. 7638, of the district court of Garvin county.

The application is based upon a contention of lack of jurisdiction of the said court for the reason that on March 23, 1925, a suit between Goldie Hall and E. G. Hall involving the same subject-matter of divorce, division of property, and alimony was filed in the district court of Carter county, and that this suit was pending at the time the application for the writ was made. The petitioner, E. G. Hall, filed his motion to dismiss the cause in the Garvin county district court for the reason herein stated, which motion was overruled. It is further alleged on behalf of the petitioners other than E. G. Hall that Goldie Hall is claiming certain property possessed by them to be the property of E. G. Hall, and that the district court of Garvin county has cited them to appear and has made an order appointing a receiver of their property, and that unless restrained by a writ of prohibition they will sustain a great loss by virtue of the illegal order appointing said receiver and said receiver's action thereunder in seizing the said property.

An alternative writ of prohibition was issued by the Supreme Court on the 13th day of March, 1926. On March 16, 1926, Honorable A. C. Barrett, district judge of the Fourteenth judicial district, of which Garvin county is a part, made return on the alternative writ so issued and showed that on February 10, 1926, Goldie Hall, as plaintiff, filed a suit in the district court of Garvin county against E. G. Hall, caused summons to issue and a notice of a hearing on an application for temporary alimony and attorney's fees, said hearing to be held on February 18th; that at said hearing the petitioner, E. G. Hall, appeared in person and

by his attorneys and filed a moton to dismiss said cause for want of jurisdiction in that a suit was pending in Carter county involving the same subject-matter and between the same parties; that in response to the said motion to dismiss the said Goldie Hall averred that the said suit in Carter county had long since been abandoned at the instance and by reason of the action of the said E. G. Hall; that after a full and complete hearing upon the matter, the respondent, Honorable A. C. Barrett, as district judge, overruled the said motion to dismiss and gave E. G. Hall an exception, but that no appeal was ever perfected therefrom. It appears from the facts brought to light by the return to the alternative writ that Goldie Hall filed her action for divorce in Carter county on March 23, 1925, and that her husband, E. G. Hall, filed suit for divorce on the same day in the district court of Garvin county, and that on the 11th day of April, 1925, petitioner, E. G. Hall, made his application to the district court of Garvin county for an order restraining and enjoining the said Goldie Hall from prosecuting her said action in the district court of Carter county; that on the said 11th day of April, 1925, the respondent, Honorable A. C. Barrett, as district judge, issued his order enjoining and restraining the said Goldie Hall from prosecuting her said action in the district court of Carter county, said action being taken upon the application, at the instance and resquest of the said E. G. Hall; that on the 12th day of December, 1925, the said E. G. Hall moved to dismiss his cause of action for divorce against the said Goldie Hall in the district court of Garvin county, and the said action was dismissed. It appears that Goldie Hall has abandoned her suit in the district court of Carter county, which abandonment was brought about, no doubt, by the efforts of the petitioner, E. G. Hall, in securing the injunction against her as heretofore set out, and the petitioner, E. G. Hall, should not be heard to complain about the prosecution of this action in the district court of Garvin county.

The petitioner has not shown himself entitled to the writ of prohibition as a matter of clear legal right. Prohibition will issue to restrain an inferior court from proceeding in an action or proceeding of which another inferior court has exclusive jurisdiction, but the writ will not lie where it is clear that the proceedings in one court will in no wise interfere with those in the other. 32 Cyc. 607. According to the weight of authority, prohibition is not a writ of right, but one of

sound discretion, to be granted or withheld by the court exercising supervisory control according to the nature and circumstances of each particular case. The writ should be denied petitioner within the sound judicial discretion of the court.

The alternative writ of prohibition is quashed and the writ of prohibition is denied.

The respondents, by cross-petition, seek a writ of prohibition against Honorable W. F. Freeman as district judge of Carter county, prohibiting him from exercising further jurisdiction in this matter as filed in his court, but since it appears that the district court of Carter county is not now assuming to exercise any further jurisdiction in this matter, the writ of prohibition as sought against Honorable W. F. Freeman will at this time be withheld.

BRANSON, V. C. J., and HARRISON, MASON, PHELPS, LESTER, and HUNT, JJ., concur. CLARK, J., not participating.