STATE ex rel. BONNEY v. ARTHURS, Superior Judge.

No. 32541.　June 4, 1946.

*169 P. 2d 561.*

Tom Wallace and Everett S. Collins, both of Sapulpa, and DeWayne Hays and LeRoy Powers, both of Oklahoma City, for petitioner.

Don W. Walker and R. E. Stephenson, both of Sapulpa, for respondent.

BAYLESS, J. W. C. Bonney petitions this court to issue a writ of prohibition directed to Herbert L. Arthurs, superior judge of Creek county, directing him to desist from proceeding further in action 4238, Carnes et al. v. P. J. Stephenson and W. C. Bonney, and to dismiss said action.

Upon consideration of the allegations of petition for writ of prohibition, the response thereto and the briefs of the parties, it appears that prior to the filing of the above action 4238, W. C. Bonney had filed an action in the district court of Creek county, No. 25887, W. C. Bonney v. P. J. Stephenson, county treasurer, seeking a writ of mandamus to require the county treasurer to sell, as provided by law, certain installments of sewer warrants due in district 7, Sapulpa, Okla., owned by Bonney, and an alternative writ was granted and the cause is still pending. These actions are the latest in a long series of actions attacking the validity of the sewer district and seeking to obstruct the collection of the warrants, Berryhill et al. v. City of Sapulpa et al., 97 Okla. 65, 222 P. 555, Payne County Treasurer et al. v. Smith, Judge, 107 Okla. 165, 231 P. 469, and actions in the local court from which no appeals were taken and a previous action within the original jurisdiction of this court for prohibition. The validity of the sewer district and the warrants issued and the right of the holder to enforce them by lawful methods has uniformly been upheld heretofore, but we are not informed that an attack such as is involved in action 4238 has heretofore been directed at these warrants.

There is no authority for collecting the warrants other than by sale through the county treasurer's office as delinquent ad valorem taxes are collected by the sale of the land. Respondent has not cited us any authority for the statement that Bonney should seek relief in action 4238, thereby submitting to the superior court of Creek county the opportunity to cancel these warrants because they are barred by laches or limitations and quiet title in the plaintiffs in action 4238 or to sustain them and in effect foreclose them.

The granting of the writ of mandamus by the district court of Creek county has to a certain extent determined, as between Bonney and the county treasurer, the continued validity of the warrants.

The holding of the superior court of Creek county that the warrants are barred by laches and limitations would be contrary to the order of the district court. If Carnes et al. are denied relief in action 4238, the orders or judgments of the two courts will not conflict.

The opportunity for conflict between the two courts of concurrent jurisdiction is present. The district court first acquired jurisdiction. It has general jurisdiction and power to adjudicate all issues between the parties. It should have that opportunity unmolested by other courts.

To the argument that the parties in the two actions are not the same and for that reason a conflict could not arise from orders or judgments as above set out and no reason exists for granting the writ, we have this to say: Certain duties are devolved by law upon a county treasurer in these instances, many of which benefit Bonney and some of which benefit plaintiffs in action 4238; and where either Bonney or plaintiffs in action 4238 institute ac-

tions for or against the county treasurer relating to these warrants, the other is interested and has rights involved that produce sufficient unity of parties to overcome the argument urged. Plaintiffs in action 4238 can obtain all of the relief they are entitled to with respect to these warrants in the district court of Creek county, either in action 25877, as interveners, or by an independent action which can be consolidated with 25877 or the judgments in each kept in conformity with the other. Thereby conflict will be avoided.

The writ is granted.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, and CORN, JJ., concur.