Hansel D. DUNBAR et al., Plaintiffs in Error,

v.

TULSA METROPOLITAN WATER AUTHORITY, a Trust et al., Defendants in Error.

No. 39080.

Supreme Court of Oklahoma.

Feb. 28, 1961.

Rehearing Denied June 27, 1961.

Young, Young & Young, by Glen A. Young, Sapulpa, for plaintiffs in error.

Harry M. Crowe, Jr., Tulsa, for defendants in error, City of Tulsa and the Tulsa Metropolitan Water Authority.

John S. Carlson, John L. Arrington, Jr., Carlson, Lupardus, Matthews, Holliman & Huffman, Tulsa, for defendant in error the Oaks Country Club.

IRWIN, Justice.

Plaintiffs brought this action for themselves and all others similarly situated to permanently enjoin defendants from discontinuing certain water services. Plaintiffs reside in Creek County and they purchase water from the Oaks Country Club which is located in Creek County. For at least 20 years, the City of Tulsa by contract, had furnished the water to the Oaks Country Club and a portion of said water had been resold to plaintiffs. The Oaks Country Club installed and owned all the lines and distribution system and neither the City of Tulsa nor the Tulsa Water Authority owned any water or distribution lines in Creek County which are involved herein.

After defendants threatened to discontinue the water service, plaintiffs brought this action to permanently enjoin them from discontinuing the service. The trial court sustained the special appearance and plea to the venue and jurisdiction of the City of Tulsa and the Tulsa Water Authority and sustained the Oaks Country Club's plea to the jurisdiction and dismissed the action.

Plaintiffs perfected this appeal and will be referred to as plaintiffs. The defendants will be referred to as City, Water Authority and the Oaks.

### Issues.

While plaintiffs and defendants both present several issues, there are actually only two basic issues, which are: (1) "Did the trial court err in sustaining the pleas to the venue and jurisdiction of the City and the Water Authority," and (2) "Did the trial court err in sustaining the plea to the jurisdiction of The Oaks?"

### Pleadings.

So far as material to this decision, the plaintiffs' petition and amendments thereto contain the following allegations: That they are residents of Creek County and

are paying customers of and are connected to the public domestic water system owned and operated by the Oaks; that the Oaks, and its predecessors, for approximately 20 years past, have furnished and sold water through its distribution system for a profit and in doing so, such makes it both a "public business" as defined by Title 79 O.S. 1951, § 4, in so far as its water business is concerned and "a public utility" under the terms of Title 17 O.S.1951 § 151.

That the City has sold and is presently selling domestic water to the Oaks for resale through a master meter located in Tulsa County; that it provides water for resale to four water improvement districts and in so operating has become a public business subject to Section 4, supra; That the Water Authority, operating by and through its trustees, under contracts with the City and the Oaks is a "public business."

That the Water Authority has constructed or intends to place in immediate operation a new water distribution system but the same does not duplicate or extend to the large majority of the customers of the present system and it is impossible for the plaintiffs to make or secure any extensions or connections with the new water system and plaintiffs are being discriminated against.

That in 1959 the Oaks threatened to discontinue said water service and was ordered not to do so by the Corporation Commission of Oklahoma by order No. 40114 in cause No. 22149, until such time and date of final adjudication of cause No. 22149, and the cause has not been finally adjudicated and no final order has been issued by the Corporation Commission.

That the Oaks, the City and Water Authority, individually and jointly have engaged in and are engaging in an unlawful combination and conspiracy to deprive plaintiffs of water and to discriminate against them; that the plan, combination and conspiracy were instigated by the Oaks whose office and principal place of business is in Creek County, and there joined in by the City and the Water Authority; that by "jointly effectuating and threatening to effectuate such plan for discrimination within Creek County and elsewhere, * * * defendants have given rise to plaintiffs' cause of action within Creek County."

The City filed a special appearance and plea to the venue and jurisdiction on the ground that the City is in Tulsa County and no part thereof in Creek County and that no part of the action against the City arose in Creek County. Attached to the plea was an affidavit of the Superintendent of Water which stated no water had ever been sold to the Oaks in Creek County but that such sales had only been made in Tulsa County and that the City has never been a party to a conspiracy.

The Oaks filed a motion to dismiss for lack of jurisdiction because an action was pending before the Corporation Commission involving the same subject matter between the same parties.

Conclusions.

The City of Tulsa contends that the venue of the action is in Tulsa County and relies on City of McAlester v. Fogg, Okl., 312 P.2d 867, 868, in which we held:

"1. A municipal corporation is 'a corporation created by the laws of this state' as that phrase is used in section 134 of Title 12 O.S.1951.

"2. Where an action for damages for personal injuries is brought in Oklahoma County jointly against a bus company, operating its lines and maintaining its principal office and served with summons in said county and against a municipal corporation situated in Pittsburg County wherein the alleged cause of action arose, and objection to the jurisdiction of said court, filed by said municipal corporation upon the grounds that the venue of said action as to said defendant was in Pittsburg County should have been sustained and, if not sustained, this court will prohibit further proceedings in said cause against said defendant by the Oklahoma County District Court."

In that case the accident which formed the basis for the action occurred on the streets of the City of McAlester, Pittsburg County. The action was filed in Oklahoma County against the City of McAlester and the bus company, the bus company having its offices in Oklahoma County. We held that proper venue, as to the City of McAlester, a municipal corporation, was in Pittsburg County where the cause of action arose. We cited with approval Oklahoma City v. District Court, 168 Okl. 235, 32 P.2d 318, 93 A.L.R. 489, which held that under Title 12 O.S.1951, Section 134, an action against a municipal corporation created by the laws of the State may be brought in the county where the cause of action or some part thereof arose, even though that county is a county other than the situs of the municipal corporation. See also Oklahoma City v. Rose, 176 Okl. 607, 56 P.2d 775.

Section 134, supra, specifically provides that an action against a corporation, other than certain actions not pertinent herein, may be brought in the county where the cause of action or some part thereof arose.

By virtue of Section 134, supra, and our construction placed thereon, if the cause of action or some part thereof arose in Creek County against the City of Tulsa, a municipal corporation, venue could lie in Creek County even though the City of Tulsa is not situated in that county. The basis for plaintiffs' contention that venue does lie in Creek County and that the District Court of Creek County obtained jurisdiction over the City is that the cause of action or some part thereof against the City arose in Creek County.

In considering the City's plea to the venue and jurisdiction, the allegations of the petition and amendments thereto must be taken as true that the cause of action or some part thereof against the City arose in Creek County, which upon proper service could give that court jurisdiction. See Metzger v. Turner, 195 Okl. 406, 158 P.2d 701. And, in a court of general jurisdiction, where the petition does not allege facts which conclusively show a lack of jurisdiction, it is error to sustain a plea to the jurisdiction, even if the petition fails to state a cause of action. Londagin v. McDuff, 207 Okl. 594, 251 P.2d 496. It is enough if the pleadings state facts sufficient to challenge judicial inquiry where the court has the power to proceed in a particular case or the power to grant the relief sought. Bank of Earlsboro v. J. E. Crosbie, Inc., 182 Okl. 327, 77 P.2d 547.

Therefore, when the District Court of Creek County sustained the plea of the City and dismissed the action against the City because it did not have venue or jurisdiction, the Court apparently considered the sufficiency of the petition and amendments thereto and the facts pleaded by the City. However, the only thing it should have considered in so far as venue and jurisdiction was concerned was whether or not the petition was sufficient to challenge judicial inquiry as to its venue and whether proper service was had to obtain jurisdiction.

The allegations in the petition and amendments thereto, in effect allege, defendants, individually and jointly entered into a plan, combination and unlawful conspiracy within Creek County and are now engaged in such plan, combination and conspiracy against defendants within Creek County and elsewhere. Assuming, but not deciding that the petition and amendments thereto may be insufficient to state a cause of action; without question they are sufficient allegations to challenge judicial inquiry of the trial court as to whether or not an action or some part thereof arose against the City, within Creek County. We therefore hold the trial court erred in sustaining the plea of the City as to venue and jurisdiction and dismissing the action against the City, a municipal corporation without first having heard evidence upon which to base its decision.

We will now consider jurisdiction as to the Water Authority. Title 60 O.S. 1951 § 175.23, subsection D, governs juris-

diction as to the Water Authority and is as follows:

"The provisions of the statutes governing civil procedure, commencement of action, process, process by publication, appointment of guardians ad litem, supersedeas and appeal, shall govern all actions and proceedings brought under provisions of this Act."

Thus, the question as to whether or not the District Court of Creek County had jurisdiction over the Water Authority is governed by the general statutes. Under Title 12 O.S.1951 § 154, if the action was rightly brought in Creek County, summons could issue to the Water Authority in Tulsa County, and the District Court of Creek County could obtain jurisdiction over it.

Having concluded that the trial court erred in sustaining the City's plea to the venue and jurisdiction and in dismissing the action against the City as there were sufficient allegations in the petition and amendments thereto to challenge judicial inquiry as to venue of the subject matter, and proper service having been made to obtain jurisdiction over the City, the trial court erred in dismissing the action against the Water Authority since it was properly before the trial court under our general statutes.

The plea of the Oaks to dismiss for lack of jurisdiction is bottomed on the proposition that the Corporation Commission had assumed jurisdiction over it prior to the filing of this action and had entered an order directing the Oaks to continue furnishing water to the plaintiffs until further order of the Commission. The order referred to was attached to and made a part of plaintiffs' petition and no final order has been entered by the Corporation Commission.

Plaintiffs contend that the Oaks is a "public utility" or a "public Business" as defined by Title 79 O.S.1951 § 4, and therefore the District Court of Creek County would have jurisdiction. Prior to the commencement of this action, plaintiffs requested the Corporation Commission in cause No. 22149, to declare the Oaks a public utility. If the Oaks is a public utility, the Corporation Commission, under Title 17 O.S.1951 § 152, and by our Constitution, has general supervision over public utilities with power to prescribe rules and regulations affecting their service and operation. The District Court of Creek County would not have jurisdiction ᵢ enter or make a binding order directing the Oaks to continue its water service or to enjoin it from discontinuing its water service.

On the other hand, assuming but not deciding that the Oaks is a public business, and further assuming but not deciding, that the District Courts of this State have concurrent jurisdiction with the Corporation Commission of a public business engaged in selling and distributing water, what effect, if any, does the assumption of jurisdiction by the Corporation Commission have on plaintiffs' action?

■ The relief sought before the Corporation Commission is the same relief prayed for in this action. It is apparent if the Corporation Commission accepted jurisdiction because the Oaks is a public business, and not a public utility, and issued an order directing the Oaks to continue furnishing water until further order of the Commission, jurisdiction would be and remain in the Corporation Commission for the reason a conflict of jurisdiction would result if the District Court of Creek County assumed jurisdiction of the action. We have held in such cases where a tribunal has venue of an action and has assumed jurisdiction of the parties and the action is still pending, that tribunal has jurisdiction of the action to the exclusion of tribunals of concurrent jurisdiction. See Schofield v. Melton, 166 Okl. 64, 25 P.2d 279; Woolley v. Shaw, 192 Okl. 107, 136 P.2d 398; and State ex rel. Bonney v. Arthurs, 197 Okl. 215, 169 P.2d 561.

■ Since the petition and amendments thereto disclose the order of the Corporation Commission is still in force and effect and the action is still pending in that tribunal, the District Court of Creek County would not have jurisdiction over the Oaks,

even if the District Court had concurrent jurisdiction with the Corporation Commission over the subject matter involved. We therefore conclude the trial court did not err in sustaining the motion of the Oaks to dismiss on jurisdictional grounds.

Affirmed in part, and reversed in part.

BLACKBIRD, V. C. J., and DAVISON, JOHNSON, JACKSON and BERRY, JJ., concur.

WILLIAMS, C. J., and WELCH and HALLEY, JJ., dissent.