REX TRUCK LINES, INC., a Corporation, Petitioner,

v.

The Honorable Robert D. SIMMS, Judge of the District Court of Tulsa County, Division No. 2, State of Oklahoma, Respondent.

No. 41316.

Supreme Court of Oklahoma.

March 2, 1965.

Rehearing Denied April 20, 1965.

Donald Church, Tulsa, for petitioner.

Houston, Klein & Davidson, Tulsa, for respondent.

JACKSON, Vice Chief Justice.

This is an application for Writ of Prohibition by Rex Truck Lines, Inc., to prevent the respondent, Judge of the District Court of Tulsa County, Oklahoma, from proceeding further in a certain action now pending in said court. It involves an alleged conflict of jurisdiction between the State Industrial Court and the District Court of Tulsa ·County.

It appears that on Nov. 4, 1963, Robert Shaw was killed in a truck accident arising out of and in the course of his admittedly hazardous employment with Rex Truck Lines. On Dec. 2, 1963, his widow, Dorothy Dubinsky Shaw, filed a death benefit claim with the State Industrial Court in which she listed herself and her four minor children as the dependent heirs at law of Shaw. On Dec. 10, 1963, the Mid-Continent Casualty Co., named as employer's insurer in the death benefit claim, filed a separate answer specifically denying that it was the workmen's compensation insurer of Rex Truck Lines on Nov. 4, 1963, and specifically denying any liability to the dependent heirs at law of Shaw under the death benefit provisions of the· Workmen's Compensation Law.

On Feb. 24, 1964, without permission of the State Industrial Court or notice to the claimant, Mid-Continent withdrew its answer denying insurance coverage. On the same day a new answer was filed for both Rex Truck Lines and Mid-Continent Casualty Company in which Mid-Continent's insurance coverage of Rex Truck Lines was specifically admitted. On March 5, 1964, claimant filed objections to the withdrawal without notice or permission of the first Mid-Continent answer. It appears that no hearing has been had on these objections.

On March 17, 1964, the widow began an action for· damages in the ·District Court of Tulsa County in the nature of a wrongful death action against Rex· Truck Lines. In her petition she pleaded, among other things,· that her husband's death resulted from an injury arising out of and in the course of his hazardous employment with

Rex Truck Lines; that Rex Truck Lines had failed to "secure the payment of compensation" as required by 85 O.S.1961, § 11; and that the employer was therefore precluded, by the terms of 85 O.S.1961, § 12, from pleading or proving as a defense that Shaw's death was due to the negligence of a fellow servant, or that Shaw assumed the risk of his employment, or was guilty of contributory negligence. On April 5, 1964, Rex Truck Lines, defendant in the district court case, filed a Special Appearance, Motion to Quash and Denial of Jurisdiction and Venue, which was overruled. Thereafter, while preserving its objection to the jurisdiction of the court, Rex Truck Lines filed an answer pleading, among other things, the defenses of contributory negligence, assumption of risk, and the fellow servant doctrine. It also pleaded in effect that it did "secure the payment of compensation" to Shaw's dependent heirs by procuring workmen's compensation insurance coverage which was in force at the time of the accident, as provided in 85 O.S.1961, § 61(a).

To this answer, the plaintiff widow filed a reply in which she detailed charges of the existence of a plot or conspiracy on the part of Rex Truck Lines, Mid-Continent Casualty Company, and another insurance company, for the purpose of denying to the widow the right to proceed against the employer in the district court in an action for damages.

It also appears that prior to the filing of the application for Writ of Prohibition in this court, the respondent district judge had, on application of the plaintiff widow, restrained Rex Truck Lines, its attorney, agents, servants or employees, from further participation in the State Industrial Court death benefit proceeding.

From the above summary of the pertinent pleadings in the two cases, it is apparent that if, on Nov. 4, 1963, Rex Truck Lines did have workmen's compensation insurance coverage, the remedy of Shaw's widow is confined to the death benefit claim before the State Industrial Court, which would

have exclusive jurisdiction. If, on the other hand, there was no such coverage, she would have the right to elect, under 85 O.S. 1961, § 12, to proceed in an action for damages in the district court, which would have exclusive jurisdiction.

There is no suggestion that Rex Truck Lines was a self-insurer under 85 O.S.1961, § 61(d).

In its brief in support of the application for Writ of Prohibition, employer argues generally that prohibition is a proper remedy in this case, that the State Industrial Court has exclusive jurisdiction in this case to determine whether there was insurance coverage, and that the district court does not have jurisdiction to proceed in the widow's action for damages.

In support of the proposition that exclusive jurisdiction to determine the insurance coverage question lies with the State Industrial Court, employer cites Tri-State Casualty Ins. Co. v. Bowen, 189 Okl. 97, 113 P.2d 981; Young v. Postal Mutual Indemnity Co., 189 Okl. 187, 115 P.2d 139; Barney v. Brown and Sons, Inc., v. Savage, 208 Okl. 668, 258 P.2d 183; Hughes v. State Industrial Commission, Okl., 273 P.2d 450; and Traders and General Insurance Co. v. Abel, Okl., 344 P.2d 585. These cases were all original proceedings in this court to review an award theretofore made or denied by the State Industrial Court. In all of them, there was, in one form or another, a dispute as to whether the insurance company was or was not liable for the payment of an award sought by claimant or actually made by the State Industrial Court, with the insurance company denying liability and the claimant or employer seeking to enforce it. These were not actions in which a Writ of Prohibition was sought from this court, and they did not involve any election, under 85 O.S.1961, § 12, to proceed in an action for damages in the district court. They are not authority for the proposition that before the surviving widow of a workman killed in a hazardous employment may proceed under 85 O.S.1961, § 12, in an action for damages in the district court, she must

first procure a finding by the State Industrial Court that there was no insurance coverage on the date of the accident. It may be conceded that, in some of those cases, this court said that "exclusive" jurisdiction to determine the issue of insurance coverage was with the State Industrial Court. Under the circumstances there presented, with no election to proceed in an action for damages in the district court involved, this was true. However, no case is cited wherein this court has held that in every case, and regardless of whether a possible election under 85 O.S.1961, § 12, is involved, a widow whose husband had been killed in hazardous employment must procure a State Industrial Court finding that there was no insurance coverage before proceeding in the district court in an action for damages. In this connection, see Dixie Cab Co. v. Sanders, Okl., 284 P.2d 421. In that case an injured employee first filed a claim for compensation, then dismissed it upon learning that the employer did not have insurance coverage. He then recovered judgment in an action for damages in the district court under 85 O.S.1951, § 12, which was sustained in this court. The distinction between that case and the instant case is readily apparent. In the Dixie Cab Co. case the claimant although invoking the jurisdiction of the Industrial Court dismissed the claim or case in the Industrial Court without objection before invoking the jurisdiction of the district court. Thus no conflict of jurisdiction between the two courts was presented. That case is not authority for the proposition that the Industrial Court has exclusive jurisdiction in such cases, but is authority for the proposition that the question of lack of compensation insurance coverage may be determined in a wrongful death action in the district court where the jurisdiction of the Industrial Court has not been invoked, or is not invoked, for the determination of the same question.

■ In the instant case the widow (plaintiff in the district court; claimant in the State Industrial Court) is proceeding at the same time upon substantially the same cause of action in two different courts, and at the present stage of the proceedings (with the question of insurance coverage still open) each court has jurisdiction of the action pending before it. It further appears that each court must, directly or indirectly, pass upon the fact question of whether Rex Truck Lines had workmen's compensation insurance coverage on Nov. 4, 1963. A conflict between two courts of concurrent jurisdiction therefore exists. In such a situation, it is well settled that the court first acquiring jurisdiction should be permitted to proceed. See State ex rel. Bonney v. Arthurs, 197 Okl. 215, 169 P.2d 561, wherein this court said in the body of the opinion:

"The opportunity for conflict between the two courts of concurrent jurisdiction is present. The district court first acquired jurisdiction. It has general jurisdiction and power to adjudicate all issues between the parties. It should have that opportunity unmolested by other courts."

See also Woolley v. Shaw, 192 Okl. 107, 136 P.2d 398, wherein this court held:

"As between two courts having concurrent jurisdiction of subject matter, the court first acquiring jurisdiction will retain jurisdiction to the exclusion of the other."

■ Of course in the instant case, with the jurisdiction of both courts dependent upon an undetermined fact question, it cannot be said with certainty that either court has "power to adjudicate all issues between the parties". It would seem, therefore, that the district court proceedings should be held in abeyance until such time as the State Industrial Court, which first acquired jurisdiction, makes a final and conclusive finding of fact on the insurance coverage question.

In the brief of respondent it is said that:

"The argument of the petitioner herein that the coverage question must be decided by the Industrial Court would present the employee with a most hazardous procedural situation.

He would have to invoke the jurisdiction of the Industrial Court by filing a claim, but he would have to be sure and not prosecute that claim ·beyond the point where he has waived his right to seek damages at common law if the employer does not have any compensation insurance. * * *."

We think there is merit in this argument, and this is another reason why the District Court of Tulsa County should not be finally and completely barred from proceeding with the action filed by the widow of Robert Shaw. Under 85 O.S.1961, § 12, the employee (or his widow, as in this case) has the right to decide whether to proceed against the employer only in the State Industrial Court, or whether to file an action for damages in the district court if there is no insurance coverage.

When a reasonable doubt on the question of insurance coverage exists, the employee or widow should not be required to speculate as to what the facts are and make a binding election as to how to proceed in advance of a judicial determination of this question by the court first acquiring jurisdiction. Because of the contradictory answers filed by Mid-Continent Casualty Company in the compensation case, there is such a doubt here. We know of no reason, and none is suggested in the briefs, why the State Industrial Court may not make a determination of the jurisdictional insurance coverage question in advance of the hearing of the compensation claim on its merits.

The Writ of Prohibition is granted, and the respondent Judge is hereby prohibited from enforcing his order restraining Rex Truck Lines, its attorney, agents, servants or employees from further participation in the State Industrial Court proceeding; and he is prohibited from undertaking further proceedings in the action now pending in his court until such time as the State Industrial Court has made a final and conclusive finding to the effect that Rex Truck Lines had no workmen's compensation insurance coverage on November 4, 1963.

HALLEY, C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD, IRWIN and BERRY, JJ., concur.