**Dorothy Dubinsky SHAW, Petitioner,**

**v.**

**The Honorable A. R. SWANK, Jr., Judge of the State Industrial Court of the State of Oklahoma, Respondent.**

**No. 41758.**

Supreme Court of Oklahoma.

June 7, 1966.

Rehearing Denied July 5, 1966.

Houston, Klein & Davidson, Tulsa, for petitioner.

Donald Church, Tulsa, for respondent.

WILLIAMS, Justice.

Dorothy Dubinsky Shaw requests that original jurisdiction be assumed and writ of mandamus be granted to compel A. R. Swank, Jr., Judge of the State Industrial Court, to set aside his order of November 3, 1965, wherein based solely upon the answer of Mid-Continent Casualty Company admitting insurance coverage of Rex Truck Lines, Inc., said Judge determined that the State Industrial Court had exclusive jurisdiction of the petitioner's claim, denied petitioner leave to amend so as to allege facts tending to establish non-coverage of workmen's compensation insurance, and limited the scope of the evidence which respondent would hear to that which pertained to the marriage of petitioner to deceased and birth of children of the deceased, if any, and dependency of such children and petitioner. Petitioner asserts that a clear duty evolved upon the respondent, under the circumstances, to afford her counsel opportunity to examine witnesses in a trial conducted by respondent, or other trial judge appointed by the State Industrial Court, for the purpose of showing whether there was insurance coverage of the deceased's employer at the date of injury and death of the workman, such hearing of evidence to be followed by findings of fact and decision rendered in accordance therewith.

The facts relating to the employee's death, the filing by petitioner of a death benefit claim and, upon answer filed denying insurance coverage of the employer, the instituting of an action in the District Court of Tulsa County for wrongful death and the subsequent admission of workmen's compensation insurance coverage in the State Industrial Court proceeding are set forth in Rex Truck Lines, Inc. v. Simms, Judge, Okl., 401 P.2d 520. It appears that in the case from which this action arises petitioner, in an effort to obtain a determination of facts as to the insurance coverage question, subpoenaed seventeen witnesses to testify at the hearing of the cause on a docket of the State Industrial Court at Tulsa; that petitioner believes the examination of her witnesses and witnesses produced by her opponent, will demonstrate that the employer was not covered by workmen's compensation insurance at the date of the death of the deceased and that jurisdiction of the district court may be invoked by petitioner. See Dixie Cab Co. v. Sanders, Okl., 284 P.2d 421. That due to a shortage of time allowed by the crowded condition of the docket the respondent was

unable to hear the matter when set but indicated that he would continue the hearing to a date he would select on November 4, 1965, and hold petitioner's witnesses under subpoena for such trial; that instead, on November 3, 1965, respondent found that Mid-Continent Casualty Company had withdrawn its previously filed answer denying insurance coverage and had filed answer admitting coverage which admission therein would, in respondent's opinion, give the State Industrial Court jurisdiction of the cause on its merits; and that respondent then excused petitioner's witnesses from further appearance in the case.

The petitioner says the witnesses she subpoenaed are hostile witnesses whose deposition statements do not support her contentions and she therefore does not want to introduce their depositions only but desires to examine the witnesses in a trial; that an examination of the witnesses in a trial will disclose to respondent that Rex Truck Lines, Inc., was not covered by compensation insurance at the time concerned and the newer answer of Mid-Continent Casualty Company is the result of a conspiracy between said insurance company and the employer, and that upon hearing of her evidence it will be apparent that jurisdiction is in the district court in a wrongful death action; that if she is correct in this assertion, as she believes herself to be, and is able to establish her contention, refusal of the right to so show would be practically tantamount to a denial of due process, for she would have been deprived of her right to elect whether to claim compensation under the Workmen's Compensation Act or pursue her remedy at law for to proceed under the first beyond a certain state operates as a bar to proceeding by the latter. Dixie Cab Co. v. Sanders, supra. The contention seems to be well based and we have decided to accept jurisdiction.

We may not, of course, conjecture as to whether the witnesses will, or will not, deviate from or contradict their deposition statements. It is entirely possible that an examination of the witnesses whose testimony in a trial petitioner desires to have heard would be of no material assistance to petitioner. However, a consideration of all evidence either side desired to produce would not have been inappropriate. In Rex Truck Lines, Inc. v. Simms, supra, we said: "When a reasonable doubt on the question of insurance coverage exists, the employee or widow should not be required to speculate as to what the facts are and make a binding election as to how to proceed in advance of a judicial determination of this question by the court first acquiring jurisdiction". A finding of fact as to coverage based only upon the assertion in Mid-Continent Casualty Company's answer in which liability was admitted over the petitioner's insistence of her right to produce testimony of witnesses for the purpose of showing to the contrary does not accord with finality and conclusiveness of finding; rather, it either ignores the existence of the issue or presumes the existence of sufficient evidence to support the respondent's order. Either was said to be error in Fidelity & Casualty Co. v. Baker, 162 Okl. 10, 18 P.2d 894, 896.

In State ex rel. Smith v. District Court of Osage County, 188 Okl. 663, 112 P.2d 381, quoted in Parks v. Hughes, Okl., 312 P.2d 435, we held:

"When this court has determined a cause on appeal and remanded the same to the district court with specific directions, this court has jurisdiction thereafter, in its power of superintending control, Okl., St.Ann.Constitution, Art. VII, § 2, to direct further specific action in the trial court, when such further action is found to be necessary to constitute complete compliance with the former opinion and mandate, and when such further action is found to be a necessary requirement of substantial justice between the parties."

While our previous order in this matter was directed to Simms, J., respondent therein, its context applied also as a general intendment that the Industrial Court as

the tribunal first acquiring jurisdiction, should make a final and conclusive determination relative to the jurisdictional issue of compensation insurance coverage after full and complete hearing of evidence.

In Parks v. Hughes, Okl., 312 P.2d 435, this Court reversed a judgment of the trial court and remanded with directions to take such further action as would accord with right and justice and this Court's opinion. The original trial did not determine an issue of accounting necessary to the disposition of the cause. When the mandate was spread of record the fact that the accounting question remained unadjudicated was called to the attention of the trial court who did nothing about it, stating that this Court had not ordered it. In the mandamus action which ensued this Court ordered that the trial court hear the evidence and after consideration thereof determine the issue of accounting. Therein we quoted, in part, 12 O.S.1961, § 1451, equally applicable here, as follows:

"The writ of mandamus may be issued by the Supreme Court * * * to any inferior tribunal * * * to compel the performance of any act which the law specially enjoins as a duty * * *."

Respondent was furnished a duplicate copy of this Court's decision in Rex Truck Lines, Inc. v. Simms, supra, immediately following its promulgation, and respondent states in his brief that his order was made with full appreciation of the contentions and positions of the parties. Under such circumstances it appears that the action of respondent in entering an order without allowing petitioner to submit her described evidence constitutes a deprivation of her property rights without due process of law. Hauschildt v. Collins, 152 Okl. 193, 4 P.2d 99, 101, contains the following:

"One of the most often quoted definitions of 'due process of law' is that of Daniel Webster in his argument in the famous Dartmouth College case [Trustees of Dartmouth College v. Woodward], 4 Wheat. 518, 581, 4 L.Ed. 629, in which he declared that by 'due process of law'

is meant, 'A law, which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial.'

"The essential elements of due process of law are: (1) Notice, (2) An opportunity to be heard, (3) An opportunity to defend, (4) An orderly proceeding adapted to the nature of the case."

We there said:

"Under the above authority, the action of the commission in not setting a day certain for final hearing and determination of the matter and in entering an order awarding compensation to the claimant without giving petitioners an opportunity to be heard, or to submit their evidence in support of their claim, clearly deprives the petitioners of their property without due process of law, and was therefore erroneous."

The foregoing accords in spirit with one thing said in State ex rel. Smith et al. v. District Court of Osage County, 188 Okl. 663, 112 P.2d 381, a mandamus action, at page 383 of 112 P.2d citation, as follows:

"The whole purpose of the proceeding in the trial court pursuant to our former opinion and mandate was to determine and settle the accounts between the parties and thereby render and administer justice between them. The further action here sought to be required of the district judge is in direct line with such purpose, and we deem it wholesome, and wholly necessary to promote full accomplishment of such purpose."

We conclude that petitioner is entitled to a writ of mandamus directed to the respondent ordering and commanding him to proceed to hear testimony of witnesses and allow the production of books, records and correspondence essential and requisite to the factual determination of the question as to whether deceased's employer was, or was not, covered by workmen's compensation insurance at the date of the death of such employee, and determine such question.

Writ granted.

HALLEY, C. J., JACKSON, V. C. J., and BLACKBIRD, IRWIN and BERRY, JJ., concur.

LAVENDER, J., dissents.