Evelyn TURK, now Avery, Petitioner,

v.

Hon. G. B. "Chuck" CORYELL, Judge of the Superior Court of and for Creek County, Oklahoma (Bristow Division), Respondent.

No. 42077.

Supreme Court of Oklahoma.

Oct. 11, 1966.

**556**

Paul W. Brightmire, Tulsa, for petitioner.

Loeffler & Allen, Bristow, for respondent.

BERRY, Justice.

This is an original proceeding for extraordinary relief by issuance of a writ directed to the respondent prohibiting further proceedings in case No. 2473–D pending in the Superior Court of Creek County, Bristow Division. The application and briefs of the parties disclose the matters hereafter summarized, as the basis of the application for relief under this Court's power, Constitution, Art. VII § 2, to exercise general superintending control over all inferior courts and tribunals.

In 1957 petitioner was defendant in a divorce action filed by her husband, Harry Turk, in the Superior Court of Creek County, Oklahoma, Bristow Division. Petitioner entered her appearance, but was not represented by counsel when the decree of divorce was granted February 16, 1957. The court awarded petitioner the household goods, and decreed the family home in Collinsville, Oklahoma, to be joint property, and in the event of sale any profit was to be divided equally between the parties. Both the personal property and the home were burdened by approximately $9,000.00 in mortgages. The decree awarded custody of two children, 5 and 6 years of age, to petitioner and also contained this provision:

"IT IS THE FURTHER ORDER of this court that the plaintiff herein pay unto the Clerk of this court the sum of $170.00 per month for the support and maintenance of said minor children and as assistance to said defendant in the payment of the outstanding indebtedness against the above described property; it being specifically understood that at such time as said real property may be sold or the indebtedness retired, that the plaintiff is granted permission to re-appear before this court for re-adjustment of said child support payments. Plaintiff to pay unto the clerk of this court $85.00 on the 1st and 15th of each succeeding month, commencing February 16, 1957."

Petitioner filed suit in the Tulsa County District Court February 11, 1966, alleging Turk's failure and refusal to make any payments in accordance with the terms of the decree, and asked judgment ($18,900.00) for delinquent child support payments. Personal service was had upon Turk. Demurrer to the petition was overruled on May 20th, and defendant filed answer on June 20th, after petitioner filed the application for relief in this Court.

On May 18, 1966, Turk filed "Motion For Clarification and Adjudication of Terms of Divorce Decree" in the Superior Court, al-

leging the quoted provision was the basis of a controversy between the parties as to the amount of child support due under the divorce decree. This motion asked a decree of the Superior Court setting forth with certainty the intent and purpose of the decree, and " * * * determination of the amount of unpaid child support, if any." Upon filing of this motion respondent set same for hearing on June 8th, and ordered notice be given to petitioner, resident of Colorado, by certified mail.

Petitioner appeared specially by counsel upon the issues of respondent's jurisdiction to hear and determine matters sought to be presented by the motion, in view of the pending Tulsa County action involving the same parties and subject matter. Upon hearing respondent overruled petitioner's motion, stating that it was his opinion the Superior Court had jurisdiction and the District Court of Tulsa County had no jurisdiction. The Motion to Clarify was set for hearing and determination, which action resulted in this application for special relief.

It is noted that on June 20, 1966, subsequent to filing of this cause, defendant Turk answered in the Tulsa County action. The answer, after objection to the court's jurisdiction over the subject matter, specifically denied any indebtedness for child support under the divorce decree. Defendant also asserted an ambiguity existed in the divorce decree which required construction to determine what, if anything, had accrued for child support and what portion of the award was granted to assist petitioner in payment of the outstanding indebtedness. The answer also alleged the divorce decree should be construed by the court in which the decree was rendered. Other special defenses were asserted which have no bearing upon the present inquiry.

Petitioner's claim for relief, in substance, is that the subject matter and the parties are the same in both actions, and the rule is that between courts having concurrent jurisdiction of the subject matter, the court first acquiring jurisdiction retains jurisdiction of the cause to the exclusion of the other court. Rex Truck Lines, Inc. v. Simms, Okl., 401 P.2d 520, and cases therein cited. And, because respondent lacked jurisdiction to modify accrued child support payments, whereas petitioner's action for accrued child support installments was an action for debt created by law maintainable in any court of competent jurisdiction, petitioner's action properly was brought and jurisdiction first attached in Tulsa County. Thus respondent's attempted assumption of jurisdiction constituted an intolerable conflict of jurisdiction which justifies issuance of the writ now sought.

In support of the jurisdiction assumed respondent urges that prohibition will not lie: (1) because the issues are different and no conflict of jurisdiction exists between the district court and respondent's court; (2) because the Superior Court had prior jurisdiction. Respondent contends the issues presented by the two cases are different and no conflict of jurisdiction exists, hence respondent cannot be ousted from jurisdiction. This argument is predicated upon prior decisions which hold that prohibition will not lie where the proceeding in one court does not interfere with those in the other. Thus, since full and adequate relief can be obtained in respondent's court the petitioner's action is both unnecessary and vexatious and should abate. Hall v. Barrett, 121 Okl. 122, 247 P. 972; Wilbrook v. Worten, Judge, 137 Okl. 148, 278 P. 388. Respondent then cited our recent decision in Hicks v. Hicks, Okl., 417 P.2d 830, in an effort to support the conclusion that prohibition herein would place this Court in the untenable position of saying that although the Superior Court has continuing jurisdiction to construe its own judgment, the new filing of a district court action causes respondent to lose jurisdiction to construe its own judgment or decree.

Respondent's argument, as noted, seems to be that there is continuing jurisdiction to construe its own judgments, which cannot be divested by filing of an action in another court of concurrent jurisdiction. We are

unable to construe the holding in Hicks, supra, as supporting this argument, or that complete and continuing jurisdiction as to questions of child support and custody necessarily remains in all instances with the court which rendered the original decree. Although recognizing that the statute, 12 O.S.1961, § 1277, provides continuing jurisdiction of matters involving custody and welfare of minor children, this cannot be so extended as to provide continuing and exclusive jurisdiction to determine all matters involving child support under a divorce decree rendered by the court.

The settled rule in this jurisdiction is that an action which seeks to recover unpaid installments for child support is an action for a debt created by law and evidenced of record, and is maintainable in the court which directed payment, or any other court of competent jurisdiction, under 12 O.S.1961, § 1277. Reynolds v. Reynolds, 192 Okl. 564, 137 P.2d 914, and authorities therein cited. Moreover, under 12 O.S. 1961, § 139, this petitioner was extended the positive right to bring this particular action in Tulsa County where personal service could be made upon defendant husband. To accept the respondent's conclusion would result in destroying the force of the statutes and prior decisions and deny petitioner the choice of remedy and forum to which she was entitled. This, because the trial court vested with continuing jurisdiction in child custody matters always could divest jurisdiction from a court of concurrent jurisdiction, upon grounds that minor children were involved and all matters involving custody and child support could be resolved by such court. The law vesting continuing jurisdiction of child custody matters in the Superior Court which granted this decree neither contemplated nor intended such result. In this connection note the precise statement involving jurisdiction in custody cases in Clampitt v. Johnson, Okl., 359 P.2d 588, beginning with the last grammatical paragraph on p. 591.

The remaining argument in support of the propriety of respondent's assumption of jurisdiction is that the decree rendered by respondent in 1957 is ambiguous as concerns what portion of the decree was intended as child support, and what part was for payment upon the indebtedness.

Petitioner's action for recovery of the debt, accrued from delinquent child support payments, properly was brought in Tulsa County. The same parties and issues were involved both in that action and in the respondent court. Jurisdiction is based upon the power of courts and judicial officers to take cognizance of and hear and determine the subject matter of the controversy between the parties to a pending proceeding, and to exercise judicial power over them. Bd. Trustees, etc. v. Brooks, 179 Okl. 600, 67 P.2d 4; Clark v. Clark, Okl., 361 P.2d 207. The general rule is that when jurisdiction of the subject matter and the person is once acquired it will not be defeated or divested by subsequent events. 21 C.J.S. Courts § 93; Pine v. Superior Court, etc., 172 Okl. 70, 39 P.2d 530. Jurisdiction for determination of petitioner's cause of action was invested in the Tulsa County District Court. The action was not transitory in the sense that jurisdiction of the district court was subject to divestiture by subsequent events, i. e.,—presentation of Turk's motion, to a court of concurrent jurisdiction, to clarify the original decree. Rex Truck Lines, Inc. v. Simms, etc., Okl., 401 P.2d 520.

Without regard to whether the decree of the Superior Court was ambiguous the Tulsa County District Court, in the enforcement of that decree, has both the incidental power to construe and jurisdiction to grant complete relief in this case.

Respondent's attempt to assume jurisdiction in this matter and divest the Tulsa County District Court of jurisdiction already attached (fixed) in the case constituted an assumption of judicial power not granted by law and an unauthorized application of judicial force. The courts of this State do not have arbitrary power. Rose v. Arnold, etc., 183 Okl. 286, 82 P.2d 293. Prohibition is the correct method by which

to obtain relief from the improper exercise of judicial power by a trial judge. Creighton v. District Court, etc., Okl., 359 P.2d 581.

Writ granted as prayed by petitioner.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, IRWIN and HODGES, JJ., concur.

WILLIAMS and BLACKBIRD, JJ., dissent.