REX TRUCK LINES, INC. and Mid-Continent Casualty Company, Petitioners,

v.

Dorothy Dubinsky SHAW and State Industrial Court, Respondents.

No. 42930.

Supreme Court of Oklahoma.

March 11, 1969.

Rehearing Denied June 24, 1969.

Church & Roberts, Donald Church, Tulsa, for petitioners.

Houston, Klein & Davidson, by Lee Grigg and James R. Jessup, Tulsa, G. T. Blankenship, Atty. Gen., for respondents.

WILLIAMS, Justice.

Under review herein is an order of the State Industrial Court finding that one of the respondents below, Rex Truck Lines, Inc., did not have a workmen's compensation insurance policy in force and effect on the date its employee Robert Morris Shaw was fatally injured and that claimant, the deceased employee's wife, therefore was entitled to maintain an action for damages in a district court pursuant to 85 O.S. 1961, § 12.

On November 4, 1963, deceased was fatally injured when a truck owned by Rex Truck. Lines ("Rex") and driven by another employee went out of control and crashed into a bridge abutment on Interstate Highway 35 near Perry, Oklahoma. This accident admittedly arose out of and in the course of deceased's hazardous employment with Rex.

Shortly after this accident, Dorothy Dubinsky Shaw ("claimant") filed a death claim with the State Industrial Court in which she listed herself and four minor children as the dependent heirs at law of her deceased husband. Mid-Continent Casualty Co. ("Mid-Continent"), named as employer's insurance carrier in the proceeding based on the death benefit claim, filed a separate answer specifically denying that it was the workmen's compensation carrier of Rex on November 4, 1963, and specifically denying any liability to claimant under the death benefit provisions of the Workmen's Compensation Law.

Approximately three months later, Mid-Continent withdrew its answer denying insurance coverage and a new answer was filed on behalf of Rex and Mid-Continent which admitted Mid-Continent's insurance coverage of Rex on the date of the accident in which claimant's husband was killed.

Subsequent to the withdrawal of Mid-Continent's original answer filed with the State Industrial Court, claimant filed in the District Court of Tulsa County a wrongful death action against Rex. Rex then applied to this Court for a writ of prohibition, alleging a conflict of jurisdiction between the State Industrial Court and the District Court of Tulsa County and requesting this Court to prohibit the judge of the district court from proceeding further in the wrongful death action. In our opinion granting the requested writ of prohibition, we held that the State Industrial Court had first acquired jurisdiction of the subject matter and prohibited the judge of the district court " * * * from undertaking further proceedings in the action now pending in his court until such time as the State Industrial Court has made a final and conclusive finding to the effect that Rex Truck Lines had no workmen's compensation insurance coverage on November 4, 1963." Rex Truck Lines, Inc. v. Simms, Okl., 401 P.2d 520, 524.

After the above-mentioned writ of prohibition was granted, further proceedings were had before a judge of the State Industrial Court. At the time of that hearing, the judge retroactively granted permission to Mid-Continent to withdraw their original answer denying coverage and to file the new answer admitting insurance coverage on the date of the fatal accident, and overruled claimant's objections to the withdrawal of such original answer. Based upon the admission of coverage contained in the second answer, the Industrial Court held that it had jurisdiction of the death benefit claim and excluded in further proceedings before it the introduction of any evidence relating to the issue of whether there was in fact insurance coverage existing on the date of the truck accident.

Claimant then sought from this Court a writ of mandamus directing the judge of

the State Industrial Court to hear evidence prior to making a final and conclusive determination of the question whether Rex was covered by workmen's compensation insurance. In our opinion in that original action, Shaw v. Swank, Okl., 416 P.2d 928, 931, we noted that although our previous order in Rex Truck Lines, Inc. v. Simms, supra, was directed to a judge of the District Court of Tulsa County, " * * * its context applied also as a general intendment that the Industrial Court as the tribunal first acquiring jurisdiction, should make a final and conclusive determination relative to the jurisdictional issue of compensation insurance coverage after full and complete hearing of evidence." This Court then held:

> "We conclude that petitioner is entitled to a writ of mandamus directed to the respondent ordering and commanding him to proceed to hear testimony of witnesses and allow the production of books, records and correspondence essential and requisite to the factual determination of the question as to whether deceased's employer was, or was not, covered by compensation insurance at the date of the death of such employee, and determine such question." 416 P.2d, at 931.

Subsequent to our granting of the writ of mandamus in Shaw v. Swank, supra, the Industrial Court held proceedings to hear evidence concerning the question of whether Rex had a workmen's compensation insurance policy in force and effect which applied to its employee Robert Morris Shaw on the date of his fatal accident, November 4, 1963. There is little, if any, conflict in this evidence and it will be summarized briefly herein.

When Rex began business in 1962, it contacted an insurance agency in Tulsa to obtain the necessary insurance policies to cover its operations. These policies, including one providing workmen's compensation coverage, were carried by Mid-Continent and were issued October 8, 1962, for a term of one year. Sometime in the summer of 1963, all of the policies with the exception of the one providing workmen's compensation coverage were rewritten at the suggestion of Rex's insurance agency. At the time these were rewritten, a file card indicating the old expiration date, October 8, 1963, of all the policies was removed from the files of the insurance agency and a new card showing the expiration date of the rewritten policies was placed in another file. Through inadvertence or oversight, the old card showing the expiration date of the workmen's compensation policy was not returned, as it or a new card should have been, to its proper filing place. Thus, Rex's insurance agency had no reminder in its files of the renewal date of that policy and it terminated on October 8, 1963.

On November 4, 1963, Rex notified its insurance agency of the occurrence of the fatal accident and the agency, in turn notified the carrier, Mid-Continent. After a check of its files reflected that Rex's workmen's compensation policy had expired approximately one month earlier, Mid-Continent relayed this information to the agency.

At a conference with the office manager of the insurance agency on November 5, 1963, Mid-Continent apparently denied any liability either to claimant herein or to the other employee of Rex injured in the truck accident, but did reissue the policy effective at 12:01 A.M., November 5, 1963. At the time of this conference, Mid-Continent was informed by the insurance agency that through a mistake in the latter's office, the policy erroneously had been allowed to terminate. Mid-Continent then suggested to the agency that it (the agency) could be liable for any claims arising from the accident and that it should notify its errors and omissions carrier.

There is no doubt from the evidence herein that Rex relied at all times on its insurance agency to keep all the necessary and required coverage in force and effect. It also appears that it was the admitted mistake on the part of the agency

which allowed the applicable policy herein to terminate on October 8, 1963.

As noted above, claimant filed a death claim with the State Industrial Court and Mid-Continent, named as the carrier in such claim, filed an answer on December 10, 1963, denying that it was Rex's carrier on November 4, 1963. During this period of time, Mid-Continent had also denied liability for any claims arising from injuries to the other employee of Rex injured in the same truck accident, and any benefits initially received by such employee apparently were paid directly by Rex. In the meantime, Rex's insurance agency had notified its errors and omissions carrier, American Casualty Company ("American") of its mistake in not renewing Rex's policy carried by Mid-Continent and American then began an investigation to determine its insured's possible liability. On December 17, 1963, Mid-Continent cancelled, effective January 20, 1964, the policy covering Rex that it had reissued on November 5, 1963.

By letter of February 14, 1964, American proposed to Mid-Continent that if the latter would amend the policy reissued on November 5, 1963, to show an effective inception date of November 4, 1963, at 12:01 A.M., then American would assume the responsibility " * * * for the claims resulting from the death of Robert Shaw, deceased, and Keith Carter, injured. and will reimburse Mid-Continent Casualty Company for all losses paid and expenses incurred as a result of handling these claims and losses." It was also to be understood that Mid-Continent would withdraw their answer denying coverage of Rex in the Shaw death claim, and would permit a specified attorney to file a new answer on behalf of Mid-Continent admitting coverage. Mid-Continent accepted this proposal of American and on February 21, 1964, the workmen's compensation policy covering Rex was amended to show an inception date of November 4, 1963, at 12:01 A.M.

After hearing the above evidence, the trial judge entered an order finding that Rex did not have workmen's compensation coverage in force and effect on November 4, 1963. This order was adopted by the State Industrial Court sitting en banc.

In their first proposition for reversal, Rex and Mid-Continent contend that Rex had secured compensation for its employees by obtaining an insurance policy in accordance with 85 O.S.1961, § 61(a) and that therefore claimant herein is not entitled under the provisions of 85 O.S.1961 § 12 to elect to institute an action for damages for wrongful death in a district court. To support this contention, Rex and Mid-Continent, citing numerous authorities, argue that no written policy is required to establish liability, that an oral contract of insurance covering Rex was in force and effect, and that an insured and its carrier can contract for the assumption of losses that have already occurred.

■ However, the arguments of Rex and Mid-Continent fail to reach the issue presented herein. It is clear that there was no written workmen's compensation policy in effect on the date of the fatal injury to claimant's husband. It is also clear that the lack of coverage was due to an error of Rex's insurance agency, as shown not only by the admissions of the agency but also by the agreement of the agency's errors and omissions carrier, American, with Mid-Continent. In our opinion, the issue herein is whether American and Mid-Continent can enter into an agreement that would effectually limit American's liability under its errors and omissions policy by having Mid-Continent confess workmen's compensation coverage. If so, such an agreement would deny claimant herein her statutory election under 85 O.S.1961, § 12 to institute an action in district court.

We are not concerned herein with the contractual liability of American for its insured's failure to renew Rex's workmen's compensation policy. But we are concerned with the apparent attempt to

limit this liability in derogation of claimant's statutory right to institute an action based on the death statute.

In our opinion, all of the evidence herein including that concerning the actions of Mid-Continent and American establishes that there was no policy in force and effect covering Rex at the time of the fatal accident and that therefore claimant is entitled to proceed, if she so elects, in her action previously filed in the District Court of Tulsa County.

In their second proposition for reversal, Rex and Mid-Continent contend that "the State Industrial Court had no authority to go behind its records of coverage and try an issue between employer and its insurance carrier."

We cannot agree with this contention for several reasons. First, this record of coverage is a card filed with the Industrial Court subsequent to the date of the agreement between American and Mid-Continent to reflect Mid-Continent's agreement to back-date Rex's policy from November 5 to November 4, 1963. In addition, we have previously held that this "coverage card" is not part of the securing of the compensation required by the Workmen's Compensation Law and is therefore not conclusive of coverage. Akin v. Shelton, 175 Okl. 536, 53 P.2d 661.

Secondly, this Court, in both Rex Truck Lines, Inc. v. Simms, supra, and Shaw v. Swank, supra, in effect directed the Industrial Court to hear evidence and make a determination as to the question of whether there was a policy in force and effect on the date deceased herein was fatally injured. This has been done and as above recited the evidence to our minds warrants the determination so made.

Thirdly, we held in the first paragraph of the syllabus in Tri-State Casualty Ins. Co. v. Bowen, 189 Okl. 97, 113 P.2d 981, that the Industrial Court

"* * * is vested with jurisdiction and authority to determine the liability of an insurance carrier to an injured employee of the insured, and as an incident to the authority expressly granted, may determine from the evidence presented, whether there was a relationship of employer and insurance carrier in effect upon the date of the injury."

In this connection, Rex and Mid-Continent cite Butter Nut Baking Co. v. State Insurance Fund, Okl., 294 P.2d 842, wherein we held that the Industrial Court is without jurisdiction to consider a controversy over contractual rights between an employer and his insurance carrier in which a claimant is not interested. However, as easily can be seen, claimant herein is vitally interested in the relationship. In view of the carriers' agreement, such relationship hardly can be referred to as a controversy existing between the insurance agency, the insurance carriers and Rex, only.

In conclusion, Rex and Mid-Continent argue that this Court is not bound by the finding of the Industrial Court but should weigh the evidence and reach its own conclusion. In Tri-State Casualty Ins. Co. v. Bowen, supra, we held that the Industrial Court's findings concerning whether there was the relationship of employer and insurance carrier in effect upon the date of the injury would not be disturbed by this Court when supported by competent evidence. In our opinion, the finding below is adequately supported by such evidence.

The order of the State Industrial Court is sustained.

IRWIN, C. J., and DAVISON, JACKSON and HODGES, JJ., concur.

BLACKBIRD, LAVENDER and McINERNEY, JJ., dissent.