**Melba D. MANHART, Petitioner,**

**v.**

**The Honorable Lynn BURRIS and Peter A. Manhart, Respondents.**

**Peter A. MANHART, Petitioner,**

**v.**

**The Honorable Frieden Lee MACHESNEY and Melba Dean Manhart, Respondents.**

**Nos. 55687, 55712.**

Supreme Court of Oklahoma.

Oct. 14, 1980.

Doerner, Stuart, Saunders, Daniel & Anderson by Sam P. Daniel, Jr., Richard P. Hix, Tulsa, Gene A. Davis, Davis & Thompson, Jay, for petitioner and respondent Melba D. Manhart.

Jones, Givens, Gotcher, Doyle & Bogan, Inc., by Jack R. Givens, Mac D. Finlayson, Tulsa, for petitioner and respondent Peter A. Manhart.

HARGRAVE, Justice.

These two original proceedings each seek assumption of original jurisdiction and the issuance of a writ of prohibition against respondent judges. The proceedings are here consolidated for decision as they present but one common controversy for resolution, that being two actions, brought in separate district courts filed at substantially the same time, for a dissolution of the marriage of Melba Manhart and Peter Manhart.

Melba Manhart filed a petition for divorce in the District Court of Delaware County seeking also custody of the minor children, child support, temporary and permanent alimony and a division of the property acquired during the marriage. Summons was issued at the time of filing and served on Peter Manhart on July 21, (the day the action was filed.)

Seven minutes after the filing of the above petition, Peter Manhart filed his petition for divorce in the District Court of Cherokee County, requesting custody of the minor children and other relief. Summons was issued and Melba Manhart was served on August 13, 1980.

As stated in Melba Manhart's petition in this Court, she filed a special appearance, plea to the venue and motion to quash in the Cherokee County action. The position she takes in these instruments was that the prior filing (7 minutes) of her action in Delaware County required the District Court of Cherokee County to dismiss or abate the action pending there. A hearing was had on the question of venue and the Cherokee County Court determined venue was proper.

Similarly, the District Court of Delaware County found after a hearing the plaintiff wife's residence to be within its jurisdiction and thus venue was proper in Delaware County. This finding was made after evidence was taken on the issues and in the absence of Peter A. Manhart, defendant, after summons was properly served.

The situation thus presented is two courts of general jurisdiction have exercised authority over the same subject matter in two separate actions. This Court has previously held prohibition to be an appropriate remedy to prevent an intolerable conflict in the exercise of jurisdiction between courts of equal jurisdiction. *Turk v. Coryell*, 419 P.2d 555 (Okl.1966); *State v. Johnson*, 418 P.2d 337 (Okl.1966). Original jurisdiction is therefore assumed.

■ The resolution of a conflict in jurisdictional exercise in domestic relations matters such as that before this Court now has invariably been the first court acquiring jurisdiction will retain that jurisdiction to the exclusion of the other. *Turk v. Coryell, supra.* In *State v. Johnson, supra,* at 339, this Court recognized the firm nature of the Court's commitment to this precept by observing the holding that the first court to obtain jurisdiction retains it to the exclusion of the others has been adhered to "under an unbroken line of decisions." This tenet has the advantage of setting forth a rule which can be applied without appellate intervention for the most part, providing a speedy reference in divorce actions, where under 12 O.S.1971 § 1272.1 it is frequently possible for venue to rest properly in two jurisdictions. Thus venue is properly set in Delaware County and a writ of prohibition is issued to the District Court of Cherokee County, abating further proceedings in Cherokee County Cause # JFD 80–189. Accordingly the writ requested to halt proceedings in Delaware County Cause # JFD 80–142 is refused.

■ There remains but a single issue to conclude the matters raised by the parties. Peter Manhart objects here to the lack of notice of the hearing to determine venue had on the 13th day of August, 1980. Service of process was had on him prior to the hearing originally set for September 4. That hearing date was modified by an amended order of which Peter Manhart had no notice. That objection is countered by the statement that notice of the hearing was given to his attorney, but concededly not to the party. 12 O.S.1971 § 1113 provides for notice of motions to be made upon the opposing party or his attorney of record. During the relevant interim Peter Manhart had no attorney of record disclosed by the court file in the Delaware County action, and opposing counsel candidly admitted in the transcripts before the court that there was uncertainty as to who was to represent Peter Manhart in the Delaware County action. That lack of proper notice renders the ex parte August 13 hearing infirm and the venue issue litigated at that time should be subject of inquiry in the Delaware County trial court after notice.

ORIGINAL JURISDICTION ASSUMED.

WRIT OF PROHIBITION ISSUED, CAUSE # 55,687.

WRIT OF PROHIBITION DENIED, CAUSE # 55,712.

All Justices concur.